Beth L. NAPRSTEK, a minor, by her mother and next friend, Barbara C. Naprstek, et al., Plaintiffs-Appellants,

v.

The CITY OF NORWICH, an Incorporated Municipality, et al., Defendants-Appellees.

No. 63, Docket 76–7096.

United States Court of Appeals, Second Circuit.

Argued Oct. 19, 1976.

Decided Nov. 22, 1976.

Clifford Forstadt, Cooperating Atty. for New York Civil Liberties Union, Syracuse, N. Y. (Faith A. Seidenberg, Syracuse, N. Y., on the brief), for plaintiffs-appellants.

Edward J. Lee, Norwich, N. Y., on the brief, for appellees City of Norwich, Frederick B. Mirabito, Mayor, Edward J. Lee, Attorney and Jack C. Sackett, Chief of Police of the City of Norwich.

Before HAYS, ANDERSON and GURFEIN, Circuit Judges.

PER CURIAM:

The plaintiffs-appellants in this action are certain minors under 17 years of age and their parents, all of whom are residents of the City of Norwich who are affected by City Ordinance VI, § 26–1, § 26–2 and § 26–3,[1] which provides for a daily curfew that

---

1. "§ 26–1. Hours of curfew.

All children under the age of seventeen (17) years are hereby forbidden to be upon the streets or in any public places or buildings of the City of Norwich, after 11:00 in the evening Sunday, Monday, Tuesday, Wednes-

forbids all children under the age of 17 years "to be upon the streets or in any public places or buildings of the City . . .," after a particular hour, "unless accompanied by the parent, guardian or other adult person having care and custody of the minor." Any parent, guardian or relative who permits such a violation is subject to a fine of $25 for each offense.

The defendants are executive officials of the City of Norwich, charged with the duty of enforcing the curfew ordinance.

In their complaint the plaintiffs assert that the ordinance is in violation of the First and Fourteenth Amendments to the federal Constitution, in that it provides no standards by which the conduct which it seeks to prohibit can be tested. While it states the time of day when the curfew takes effect, it provides no time when it terminates; and it is overbroad and without limitation on its scope. They moved for summary judgment. The defendants claim that the plaintiffs had no standing to sue as they had sustained no direct injury by reason of the ordinance nor were they in immediate danger of suffering any; that the City was not a proper party; and that consideration of the constitutional issues should be deferred until the courts of the State of New York had construed the ordinance.

The district court properly ordered the action dismissed as to the City of Norwich as it was not a person within the meaning of 42 U.S.C. § 1983, *City of Kenosha v. Bruno*, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973). The court also properly held that the plaintiffs had standing to bring and prosecute the case. It found that, although none of the plaintiffs had been arrested or fined or threatened with arrest or a fine, the ordinance clearly prohibited the plaintiffs' intended conduct, and, during the 56 years of its existence, it had been applied to and enforced against persons under circumstances identical to those in which the plaintiffs found themselves at the time of bringing the action. *Doe v. Bolton*, 410 U.S. 179, 188, 93 S.Ct. 755, 35 L.Ed.2d 147 (1973).

The principal thrust of the plaintiffs' case is that the ordinance is unconstitutional as applied to them because it seriously damages their fundamental rights without a compelling state interest or an ascertainable justification. These include the minor plaintiffs' rights to freedom of speech, assembly and association and to the use of the public streets and other facilities; the adult plaintiffs' rights to due process of law and family privacy.

The district court held, however, that the vagueness of the ordinance in failing to specify at what time of each day the curfew ended, required the federal court to abstain from deciding any of the constitutional issues raised by the plaintiffs until the state courts had made a definitive construction and interpretation of the ordinance. The district court, therefore, ordered, "as to the remaining defendants this action is closed statistically and placed in suspense."

On appeal the plaintiffs-appellants argue that the trial court's adoption of the principle of abstention in the circumstances of this case was error. We agree.

A federal court should abstain only in "special circumstances." *Lake Carriers' Ass'n v. MacMullan*, 406 U.S. 498, 509, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972). Such a situation does not exist when the state

---

day and Thursday, and 12:00 midnight on Friday and Saturday unless accompanied by the parent, guardian or other adult person having care and custody of the minor.
§ 26–2. Parents and guardians.
All parents or any person having the care and custody of any child under the age of seventeen (17) years are hereby forbidden to permit such child or children to be upon the streets or in any of the public buildings or places of the city after the hours above mentioned unless such child is accompanied by said parent, guardian or other adult person having the care and custody of the minor.
§ 26–3. Violations and penalties.
Any parents, guardians or relatives violating the provisions of this section will be punished by a fine of not more than twenty-five dollars ($25.) for each separate offense, and each violation of this section shall constitute a separate offense."

**818**

court construction of the statute will not and cannot avoid the necessity for constitutional adjudication. *Kusper v. Pontikes,* 414 U.S. 51, 55, 94 S.Ct. 303, 38 L.Ed.2d 260 (1973).

In this case, the district court sought to afford the state courts an opportunity so to interpret the ordinance as to create a cut-off time for the curfew, which, in effect, would require the state courts to supply a missing term in the ordinance. This is a matter calling for legislative enactment which the courts are powerless to supply. There is nothing in the ordinance to "construe." Abstention will avail the defendants nothing and is not appropriate under these circumstances. See, *Kusper v. Pontikes, supra,* 414 U.S. at 55, 94 S.Ct. 303; *Coates v. City of Cincinnati,* 402 U.S. 611, 614–15, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971); *Connally v. General Construction Co.,* 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322 (1926).

To meet the constitutional requirement of definiteness, an ordinance must "give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute," *United States v. Harriss,* 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989 (1954), and must not be so worded as to encourage arbitrary enforcement. *Papachristou v. City of Jacksonville,* 405 U.S. 156, 162, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972). The failure to provide the hour at which the curfew ends, makes the ordinance void for vagueness. Parents and minors subject to the ordinance are not given fair notice of when children under the age of seventeen are permitted to return to the streets. The lack of a termination time renders the ordinance susceptible to arbitrary, capricious and erratic enforcement, and therefore it is unconstitutional in its application. See *Connally v. General Construction Co., supra.*

Ordinance VI, §§ 26–1, 26–2 and 26–3, of the General Ordinance of the City of Norwich, State of New York, is declared to be in violation of the provisions of the First and Fourteenth Amendments to the Constitution of the United States. This holding is expressly limited to the constitutional infirmity presented by the lack of a termination time for the curfew. We express no opinion on the merits of plaintiffs' other First Amendment and due process attacks on the curfew ordinance.

The decision and order of the United States District Court for the Northern District of New York entered on January 20, 1976, abstaining from considering and adjudicating the action further at the present time, and closing the case statistically and placing it in suspense are vacated and set aside. This court further orders that summary judgment and costs be entered in favor of the plaintiffs-appellants.