PEARSON *v.* DODD ET AL.

No. 75–1318.   Argued December 1, 1976—Decided January 12, 1977

*Philip G. Terrie* argued the cause and filed briefs for appellant.

*Wm. Roy Rice* argued the cause for appellees.   With him on the brief were *John D. Daly* and *Thomas E. Morgan.**

PER CURIAM.

When appellant failed to pay 1961 real estate taxes pertaining to her one-quarter interest in the oil and gas in 68 acres of land in Kanawha County, W. Va., the interest became subject to transfer to the State under West Virginia statutory procedures that afford notice to the landowner only through the posting of a delinquency list on the county courthouse door and the publication of the list in local newspapers.   W. Va. Code §§ 11A–2–10a, 11A–3–2 (1974).   The interest was sold to the State under these procedures in 1962.

*Chauncey H. Browning, Jr.,* Attorney General, *Jack C. McClung,* Deputy Attorney General, and *C. Page Hamrick III,* Assistant Attorney General, filed a brief for the State of West Virginia as *amicus curiae* urging affirmance.

West Virginia Code § 11A–3–8 (1974) gave appellant a statutory entitlement to redeem the interest at any time within 18 months of the date of the state purchase, but appellant did not redeem during that period. The State thereafter decided to sell the interest and, as required by West Virginia law, commenced a suit in State Circuit Court to effect a sale. The suit resulted in the conveyance in 1966, by tax deed, of the oil and gas interest to appellee W. P. Dodd. The only notice of this sale was by way of publication in two local newspapers, pursuant to § 11A–4–12 (1974). Over two years later, in July 1968, appellant attempted to pay the State Auditor a sum of money to redeem the interest. Appellant then brought this action in state court to quiet title. The Circuit Court rendered judgment for appellees. The West Virginia Supreme Court of Appeals affirmed, —— W. Va. ——, 221 S. E. 2d 171 (1975). We noted probable jurisdiction. 426 U. S. 946 (1976).

The Jurisdictional Statement phrased the due process question presented by the appeal as whether notice by publication of the tax sale was constitutionally deficient, but was unclear whether the challenge was directed to the 1962 sale to the State or to the 1966 sale to appellee Dodd. At oral argument counsel for appellant made clear, however, that her challenge was not addressed to the procedures for notice attending the 1962 transfer of the interest to the State, Tr. of Oral Arg. 21–23, but solely to the procedures for notice attending the 1966 sale of the interest by the State to appellee Dodd. Indeed, we were repeatedly informed that the 1962 sale to the State was not even "an issue in this case." *Id.,* at 22, 25, 26. But under state law absolute title had vested in the State at the expiration of the 18-month period after the 1962 sale during which appellant might have exercised but did not exercise her right to redeem: § 11A–4–12 expressly provides that in such circumstance "the State has absolute title to all . . . land sold to the State for nonpayment of

taxes . . . [which has] become irredeemable . . . ." Appellant thus has no constitutionally protected property or entitlement interest upon which she may base a challenge of constitutional deficiency in the notice provisions attending the 1966 sale to appellee Dodd. The appeal is therefore dismissed for want of a properly presented federal question.

*So ordered.*