OPINION OF THE COURT
Alfred J. Weiner, J.
By petition dated November 14, 1978, the respondent has been accused of committing an act, which if done by an adult, *700 would constitute the crime of resisting arrest. (Penal Law, § 205.30.)
A fact-finding hearing was held which established that the respondent violated the Sloatsburg Village Curfew Ordinance, in that on November 13, 1978, the respondent was on a village street after 9 p.m., unaccompanied by a parent. As a result of this curfew violation, the respondent was placed under arrest by a uniformed police officer. The respondent physically resisted the arrest.
The Sloatsburg Village Curfew Ordinance, enacted in 1943, declares it unlawful for any child under the age of 16 to be on village streets between the hours of 9 p.m. and 6 a.m., unless accompanied by a parent. Upon finding that a juvenile has violated the curfew ordinance, the police are "authorized to take the child into custody” (§ 13-3). Certian penalties are prescribed, and violation is deemed to constitute disorderly conduct. The person violating the same is further deemed to be a disorderly person.
The sole issue before the court is only whether the police had the lawful authority to make an arrest of the respondent for his violation of this curfew ordinance.
By definition, section 205.30 of the Penal Law specifies that a person can only be guilty of resisting arrest if he intentionally "attempts to prevent a peace officer from effecting an authorized arrest” (emphasis supplied).
The Family Court Act provides that before a juvenile delinquent may be taken into custody by a peace officer, the youth must have allegedly committed an act which, if done by an adult, would constitute a crime (Family Ct Act, §§ 721, 731). A crime is defined by section 10.00 of the Penal Law as either a misdemeanor or a felony. Accordingly, it follows that the police can make an authorized arrest of a juvenile only if the youth has allegedly committed an act which, if done by an adult, would constitute a misdemeanor or a felony.
Section 10 of the Municipal Home Rule Law grants to villages the power to make local laws not inconsistent with the provisions of the Constitution or not inconsistent with any general law. Additionally, a curfew ordinance is a statutorily permissible exercise of the village’s power to regulate the protection, order, conduct, safety, health and well-being of persons or property therein, so long as it passes constitutional muster. (See Bykofsky v Borough of Middletown, 401 F Supp 1242; Naprstek v City of Norwich, 545 F2d 815.)
*701 However, as the Family Court Act is a general law, in that it "extends to the entire state and embraces all persons or things or all persons or things of a particular class” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 32, subd b), a village may not authorize the arrest of a juvenile other than for a crime which would be a misdemeanor or felony if committed by an adult.
Under former section 93 of the Village Law (Village Law of 1909, L 1909, ch 64, as amd), the board of trustees of a village had the power to deem that violation of the village ordinance constituted disorderly conduct and that such person was a disorderly person.
Section 93 of the Village Law was subsequently amended to its present form by chapter 892 of the Laws of 1972, chapter 974 of the Laws of 1973, chapters 1028 and 1029 of the Laws of 1974, and chapter 961 of the Laws of 1977. As amended, section 20-2006 of the Village Law provides that a village may enforce obedience to its ordinances enacted prior to September 1, 1974, by prescribing that violation of the ordinance shall constitute a violation pursuant to the Penal Law. Section 20-2006 of the Village Law further provides that any ordinance adopted by a village which provides that any person violating such ordinances shall be a disorderly person, shall continue to be valid and any violator of such ordinance may be prosecuted pursuant to the Criminal Procedure Law for the violation of a petty offense and such disorderly person shall be deemed to have committed a petty offense.
Violation of the curfew ordinance does not constitute a crime if committed by an adult but only a petty offense. Therefore, the police could not effect an authorized arrest.
Accordingly, the respondent could not have committed the crime of resisting arrest and the petition is hereby dismissed.