Thomas J. Egan, Esq. Town Attorney Town of Woodbury
You have asked our opinion regarding the constitutionality of a proposed local law which would establish a curfew for minors and hold parents responsible if their children violate the curfew. A determination of the validity of a specific local law can be made only by the courts; we do not review the details of a proposed local law. We do, however, render opinions concerning the town's authority to enact a local law covering a particular subject.
A municipality has no authority to enact a curfew that holds parents responsible for their childen's violation of the curfew. The Legislature has preempted the field of legislation on the subject of parental responsibility for the acts of a minor (1977 Op Atty Gen 308). See General Obligation Law, §§ 3-112, 3-113, General Municipal Law, § 78-a, Executive Law, § 171, Education Law, §§ 1604 (35), 1709
(36), 2503 (18), 2554 (16-b), 2590-g (15), Penal Law, § 260.10
(2); see also, 1954 Op Atty Gen 63.
You have also asked whether a town may enact a curfew for minors in the absence of a local state of emergency. Currently the only explicit statutory authority providing for the enactment of a curfew requires the declaration of a local state of emergency prior to the promulgation of the curfew (Executive Law, § 24). However, we have previously stated that a municipality is authorized to enact a juvenile curfew under its inherent police power where the curfew is required for the protection and preservation of the public health, safety and welfare (1967 Op Atty Gen 141; 1957 Op Atty Gen 102; see also, Matter of Michael G, 99 Misc.2d 699
[Family Ct, Rockland Co, 1979] [juvenile curfew permissible exercise of village's police power as long as ordinance passes constitutional muster (dictum)]).
A curfew is subject to the requirement that it be reasonable in relation to the ends sought to be achieved (People v Kearse, 56 Misc.2d 586 [City Ct of Syracuse, 1968] app dsmd 58 Misc.2d 278 [County Ct, Onondaga Co, 1968]; see also, 1967 Op Atty Gen 141, supra). In Kearse, the Court held that a nocturnal curfew that prohibited all persons from being on city streets was unconstitutional even though it was enacted in connection with a declaration of a state of emergency. The Court stated:
 "A curfew law, like any other which restricts the activities or conduct of individuals, adults or minors, must not exceed the bounds of reasonableness. Three primary tests have been invoked: (1) Is there an evil? (2) Do the means selected to curb the evil have a real and substantial relation to the result sought? (3) If the answer to the first two inquires is yes, do the means availed of unduly infringe or oppose fundamental rights of those whose activities or conduct is curbed?" (P. 594.)
The Kearse Court found that the curfew unduly infringed on fundamental rights.
Other states have both invalidated and upheld juvenile curfews. See cases cited in 1967 Op Atty Gen 141, supra; see also, Note, Curfew Ordinances and the Control of Nocturnal Juvenile Crime, 107 Univ of Pa L Rev 66 (1958); Judicial Control of the Riot Curfew, 77 Yale LJ 1560, 1562 (1968). Although the United States Supreme Court has not addressed the issue, several recent federal cases have upheld the constitutionality of a nocturnal juvenile curfew even though there was no state of emergency. See Bykofsky v Borough of Middletown, 401 F. Supp. 1242 (M.D. Pa, 1975) affd 535 F.2d 1245 (3d Cir, 1976), cert den 429 U.S. 396 (1976) (BRENNAN and MARSHALL, JJ, dissenting from denial of certiorari because case presented a substantial constitutional question and the issue is unclear); Johnson v City of Opelousas, 488 F. Supp. 433 (W.D. Louisiana, 1980). (But see, Naprestek v City of Norwich, 545 F.2d 815 [2d Cir, 1976] [curfew ordinance unconstitutionally vague because it did not state the hour at which juveniles were permitted on the streets again].)
In Bykofsky, supra, the Court deleted or altered some provisions of the curfew which the Court found to be unconstitutionally vague. It rejected plaintiff's contention that the rights of minors to freedom of movement, use of public streets and interstate and intrastate travel were violated by the curfew. The Court held that the state's interest in alleviating nocturnal juvenile criminal activity and protecting juveniles from undue influence outweighed the interests of minors to be about at night. The Court relied upon the fact that the curfew contained numerous exceptions which permitted juveniles to be on the street after the curfew if they had a specific and legitimate purpose. The Court also found no violation of First Amendment rights because the curfew contained an exception for the bona fide exercise of First Amendment rights for political, religious and communicative purposes.
These cases tell us that a curfew law should be narrowly drawn so that it does not unduly infringe upon the fundamental rights of juveniles (United States Constitution, First and Fourteenth Amendments; New York State Constitution, Art I). See also, the dissenting opinion in the denial of certiorari in Bykofsky, supra (since curfew infringes on the freedom to leave one's house and move about at will, which is of the very essence of a scheme of ordered liberty, state must demonstrate that a law is narrowly drawn to further a compelling state interest).
We conclude that a town is not authorized to enact a local law that holds parents responsible for their children's violation of the curfew. A town is authorized to enact a nocturnal juvenile curfew under its police power if the curfew is necessary to protect or preserve the public health, safety and welfare. However, the curfew must be reasonable in relation to the ends sought to be achieved and should be narrowly drawn to avoid infringing upon the fundamental rights of juveniles subject to the curfew.