DON S. COMPANY, INCORPORATED

*v.*

DONALD D. ROACH, *et al.*

(No. 15091)

Decided December 18, 1981.

*Heidi Weintraub, Christine M. Hedges* for appellants.

*James A. Matish, Abruzzino, Abruzzino & Matish,* for appellee.

*Bert M. Grimm, Jr., Wood, Grimm & Delp,* amicus curiae.

McGRAW, JUSTICE:

This is an appeal from a decision of the Circuit Court of Harrison County which granted to the appellee, Don S. Company, Inc., possession of a certain tract of real estate the appellee had previously purchased at a tax sale pursuant to Chapter 11A, Article 4 of the West Virginia Code. The appellants, Donald and Shirley Roach, are the former owners of the real estate. They allege the tax deed to the property is void because they did not receive adequate notice of their tax delinquency and of the subsequent sale of the property, and that therefore the circuit court erred in awarding possession to the appellee. Upon review of the facts, we find the appellants did not receive notice consistent with due process principles, and reverse.

In West Virginia the ownership of real property is conditioned upon "the duty of every owner of land . . . to have such land . . . entered on the land books . . . and to cause himself to be charged with taxes legally levied thereon and pay the same." W.Va. Const. art. 13, § 6. Every landowner thus has a duty to pay taxes in order to maintain his real property interests. The Legislature has prescribed rules governing the accrual, collection, and enforcement of property taxes. By statute, there is always a lien on real property in West Virginia which attaches July 1 for taxes payable for the ensuing fiscal year. *W. Va. Code* § 11A-1-2 (1974 Replacement Vol.). All current taxes assessed on real property may be paid in two installments. The first installment is payable on September 1 of the year for which taxes are assessed, and becomes delinquent on October 1. The second installment is payable on the first day of the following March and becomes delinquent on April 1. *W. Va. Code* § 11A-1-3 (1974 Replacement Vol.). At the time of the occurrences involved in this appeal, notice of the time and place of payment of taxes was provided by posting notices in public places and by publication. *W. Va.*

*Code* § 11A-1-8 (1967 Replacement Vol.). The statute has since been amended to require the mailing of tax tickets to the last known address of every person owing taxes, showing what tax is due and how such tax may be paid. *W. Va. Code* § 11A-1-8 (Cum. Supp. 1980).

If taxes are not paid, the State may resort to several statutory methods to enforce payment. These methods include collection by suit, *W. Va. Code* § 11A-2-2 (1974 Replacement Vol.), distraint of personal property, *W. Va. Code* § 11A-2-3 (1974 Replacement Vol.), collection from money due the delinquent taxpayer by another, *W. Va. Code* § 11A-2-7 (1974 Replacement Vol.), and sale of the real property for taxes, *W. Va. Code* § 11A-2-10 (1974 Replacement Vol.). West Virginia law does not impose a criminal penalty for the nonpayment of real property taxes.

Articles 2, 3, and 4 of Chapter 11A govern the procedure for the sale of delinquent lands for nonpayment of taxes. Under these statutory provisions the sheriff of each county is directed to prepare and publish, on or before April 1 of each year, a notice listing real property whose taxes, assessed for the previous year, have become delinquent, and stating that unless the taxes are paid by April 13, the property will be included in a "delinquent list." *W. Va. Code* § 11A-2-10 (1974 Replacement Vol.). A copy of this delinquent list must then be posted at the front door of the county courthouse and published in a local newspaper at least two weeks before it is presented to the county court for examination on or before June 15. *W. Va. Code* §§ 11A-2-13,-14 (1974 Replacement Vol.). On or before September 10, the sheriff is directed to prepare and publish a second list of delinquent lands which must include all real estate in the county remaining delinquent as of September 1. *W. Va. Code* § 11A-3-2 (1974 Replacement Vol.).

Real estate which is not redeemed by the payment of the taxes, interest, and charges due, may then be sold by the sheriff at public auction between October 14 and November 23. *W. Va. Code* § 11A-3-4 (1974 Replacement Vol.). If a person purchases the property at the auction, he or she must secure a survey of the property and examine the

title to ascertain all individuals with an interest in the property. *W. Va. Code* § 11A-3-20 (1974 Replacement Vol.). All persons with a redeemable interest must be served with notice. If they are state residents, the notice must be personally served in the same manner as if commencing a suit. If the person entitled to notice is a non-resident, or if his residence is unknown and cannot be discovered by due diligence, service of the notice may be by publication. If service by publication is necessary, a copy of the notice must also be sent by registered mail, return receipt requested, to the last known address of the person served. *W. Va. Code* § 11A-3-24 (1974 Replacement Vol.). The former owner or any other person with a redeemable interest may redeem the property at any time before April 1 of the second year following the sale by paying to the purchaser: (1) the amount paid to the sheriff at the sale, plus interest; (2) all taxes paid by the purchaser on the property, plus interest; and (3) the expenses incurred by the purchaser in procuring the survey and title examination of the property. *W. Va. Code* § 11A-3-17 (1974 Replacement Vol.). If the property is not redeemed within the specified period, a deed is delivered to the purchaser. *W. Va. Code* § 11A-3-25 (1974 Replacement Vol.).

If no one bids the amount due at the sheriff's sale, the sheriff purchases the property for the State. *W. Va. Code* § 11A-3-6 (1974 Replacement Vol.). The only notice which the State is required to give to the owner is notice by publication. *W. Va. Code* § 11A-3-41 (1974 Replacement Vol.). The owner has a statutory right to redeem the property within eighteen months of purchase by the State. *W. Va. Code* § 11A-3-8 (1974 Replacement Vol.). If the property is not redeemed within this period, title vests in the State, and the property may then be sold for the school fund pursuant to article 4 of Chapter 11A. *W. Va. Code* § 11A-4-3 (1974 Replacement Vol.).

The appellants, Donald and Shirley Roach, live with their four children in a house they purchased in 1973 for $8,500.00. Taxes on the property were prorated between the grantor and the appellants and were paid in the grantor's name in 1973. Thereafter, the appellants failed

to pay taxes on the property, and it was offered for sale by the sheriff. It is unclear from the record whether appellant's real estate was sold in 1975 for taxes due for 1974, or whether the sale occurred in 1976 for taxes due for 1975. In any case the appellants contend they received no tax ticket or notice, published or otherwise, of taxes owed for whatever the period for which they failed to pay taxes.

No individual presented an adequate bid at the sale, and consequently, the sheriff purchased the property on behalf of the State. The appellants did not redeem their property within the eighteen month statutory period, and as a result, on April 20, 1979, the Deputy Commissioner of Forfeited and Delinquent Lands for Harrison County, West Virginia, offered the property for sale for non-payment of taxes to the highest bidder, pursuant to Chapter 11A, article 4 of the West Virginia Code. The appellee, Don S. Company, Inc., purchased the property for the sum of $325.00. The sale was subsequently confirmed by order of the Circuit Court of Harrison County dated June 19, 1979, and a deed was executed conveying the property to the appellee.

On October 20, 1979, the appellee notified Mr. and Mrs. Roach of its intention to take possession of the real estate and demanded that they vacate the property by November 20, thirty days later. The appellants refused to vacate the property. Subsequently, on April 16, 1980, the appellee brought an action in the Circuit Court of Harrison County for damages and for possession of the real estate. The appellant responded by challenging the constitutionality of the article 3 tax procedures, and requested that the tax deed to Don S. Company, Inc. be set aside. Thereafter the appellee moved for summary judgment and the appellants moved for judgment on the pleadings. The circuit court partially granted the appellee's motion for summary judgment, finding as a matter of law, that the appellee was the owner of the real estate and ordering that the appellants vacate the premises. The court held in abeyance a determination on the amount of damages, if any, sustained by

Don S. Company, Inc., because an issue of fact would be involved in such a determination.

The appellants assign as error the denial of their motion for judgment on the pleadings and the granting of the appellee's motion for summary judgment. They contend that notice by no other means than publication in the procedures for sale of delinquent lands violates the guarantees of due process contained in the West Virginia and United States Constitutions.

Both the United States and West Virginia Constitutions provide that no person shall be deprived of life, liberty, or property without due process of law. U.S. Const. amend. XIV; W.Va. Const. art. 3, § 10. It is well established that the due process guarantees of the United States and West Virginia Constitutions extend protection to any significant property interest. *See Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Pearson v. Dodd,* 159 W. Va. 254, 221 S.E.2d 171 (1975), *appeal dismissed,* 429 U.S. 396, 97 S.Ct. 581, 50 L.Ed.2d 574, *rehearing denied,* 430 U.S. 911, 97 S.Ct. 1186, 51 L.Ed.2d 588 (1977). We must therefore determine if landowners whose property is sold for delinquent taxes have a significant property interest that is protected by due process.

In *Pearson v. Dodd, supra,* we examined the notice provisions of Chapter 11A, article 4 of the West Virginia Code, and determined that the provisions of article 4 which permit the State to sell delinquent lands upon constructive service of process by publication, do not violate constitutional due process requirements. Our decision in *Pearson* was premised on the finding that under the provisions of article 4, a former landowner is not an interested party who can invoke constitutional due process protections, because at the time of the article 4 sale, title has vested in the State and the former owner's opportunity to redeem is not a matter of right, but is "extended to him by the Legislature as an act of grace." 221 S.E.2d at 183.

This appeal, however, challenges the notice by publication provisions of article 3 of Chapter 11A. In *Pearson v. Dodd, supra* we examined the differences between a former owner's interests under articles 3 and 4, and stated that article 4, which does not confer on former owners an automatic right to redeem, must be distinguished from article 3, which grants a former owner the right to redeem delinquent land within eighteen months of the date of purchase by the State. We specifically held in *Pearson* that under *W. Va. Code* § 11A-3-8 (1974 Replacement Vol.), "a former owner possesses a statutory entitlement, *i.e.*, a right to redeem at any time within eighteen months of the date of the State purchase." 221 S.E.2d at 182. Furthermore, we also recognized in *Pearson* that the due process guarantees of the West Virginia and federal constitutions extend protection to any significant property interest, including stautory entitlements. 221 S.E.2d at 181, *citing Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). Therefore, we must conclude that a landowner, whose property is to be sold for delinquent taxes under Chapter 11A, article 3 of the West Virginia Code, is an interested party, by virtue of the statutory entitlement to redeem delinquent property contained in article 3, who must be afforded the protection of the due process guarantees contained in the West Virginia and United States Constitutions.

"Once it is determined that due process applies, the question remains what process is due." *Morrisey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484, 494 (1972). This inquiry must begin with a determination of the precise nature of the government function involved as well as of the private interest that has been affected by government action. *Morrisey v. Brewer, supra*, citing *Cafeteria & Restaurant Workers Union v. McElory*, 367 U.S. 886, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961). The interest of the State must then be weighed against the individual interest sought to be protected by constitutional due process guarantees. *See Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *Waite v. Civil Service Commission*, 161 W. Va. 154, 241

S.E.2d 164 (1977); *Shaffer v. Mareve Oil Corp.*, 157 W.Va. 816, 204 S.E.2d 404 (1974).

The purpose for enacting articles 3 and 4 of Chapter 11A of the West Virginia Code have been explicitly explained by the Legislature as follows:

"In view of the paramount necessity of providing regular tax income for the State, county and municipal governments, particularly for school purposes; and in view of the fact that tax delinquency, aside from being a burden on the taxpayers of the State, seriously impairs the rendering of these essential services; and in view of the further fact that delinquent land, with its attendant problems made acute by the events of the past decade, not only constitutes a public liability, but also represents a failure on the part of delinquent private owners to bear a fair share of the costs of government; now, therefore, the legislature declares that its purpose in the enactment of this and the following article [§ 11A-4-1 et seq.] is threefold: First, to provide for the speedy and expeditious enforcement of the tax claims of the State and its subdivisions; second, to provide for the transfer of delinquent lands to those more responsive to, or better able to bear, the duties of citizenship than were the former owners; and third, in furtherance of the policy favoring the security of land titles, to establish an efficient procedure that will quickly and finally dispose of all claims of the delinquent former owner and secure to the new owner the full benefit of his purchase." *W. Va.* Code § 11A-3-1 (1974 Replacement Vol.)

Thus article 3 is designed primarily to facilitate the collection of tax income for the State in order that essential services provided by state government may be rendered in a smooth and efficient manner. Accordingly, we must recognize that the State has a legitimate and vital interest in the sale of delinquent lands as an aid to the collection of taxes. This interest is reinforced by the constitutional mandates requiring landowners to pay

taxes, W.Va. Const. art. 13, § 6, and empowering the State to sell the land if the taxes are not paid. W.Va. Const. art. 13, § 4.

The landowner, however, also has a vital interest in the continued possession and enjoyment of his real property. The right to own property is one of the fundamental rights which a citizen enjoys under our American system of government. The State may properly condition the enjoyment of that right upon the payment of taxes. However, it is constitutionally impermissible for the State to foreclose a landowner's right to own property for the nonpayment of taxes without some type of fundamental notice of the landowner's duty to pay taxes, and that if he fails in this duty, the land may be sold.

The record indicates that the appellants have never been put on notice of their duty to pay taxes. At the time they purchased their home taxes were prorated between the grantor and the appellants and were paid in the grantor's name. The appellants are of low educational achievement, and although ignorance of the law is generally not an excuse for the failure to comply with the law, it is a mitigating factor which must be considered in a case such as this, where the State seeks to deprive the appellants of a constitutionally protected property interest and the crucial issue is the adequacy of the notice provided by the State. The low educational achievement of the appellants, and Donald Roach's illiteracy are factors which belie the theory that constructive notice by publication is sufficient to apprise landowners of their duty to pay taxes. Moreover, the record is devoid of any evidence that notice was published in compliance with statute, and Mrs. Roach neither regularly receives nor reads the local paper in which the notice required by statute should have been published.

Under the doctrine of least obtrusive remedy, this Court will avoid striking down legislation whenever there is an adequate remedy to prevent such legislation from being unconstitutionally applied. *State ex rel Harris v. Calendine*, 160 W. Va. 172, 233 S.E.2d 318 (1977); *State ex rel. Alsop v. McCartney*, 159 W. Va. 829, 228 S.E.2d 278 (1976). In this

regard, we note that after the time of the occurrences involved in this appeal, the Legislature, perhaps sensing a prospective problem, amended *W. Va. Code* § 11A-1-8 to require the mailing of notice to taxpayers showing what taxes are due and how they may be paid. We believe that this notice which is sent to all landowners at the initiation of tax collection procedures is sufficient to apprise landowners of their duty to pay taxes. However, in order to better insure its effectiveness, the notice provided in *W. Va. Code* § 11-A-1-8 should include a statement that the failure to pay real property taxes could result in sale of the real property by the State, and that if the land is not redeemed by the payment of deliquent taxes within eighteen months of the sale, the landowner risks the loss of all claim to title. Such notice respects the vital interests of the State in the prompt and efficient collection of taxes and places little additional burden on the State than that already required by statute. Such notice also provides the landowner with reasonable notice of the consequences of the failure to pay real property taxes, and thus is consistent with due process standards.

The uncontroverted evidence on the record before us reveals that in the instant case the appellants received no tax ticket or other notice informing them that taxes on their real property were due, or advising them of their duty to pay taxes. We cannot allow the exploitation through law of the weak and ignorant by the rich and powerful, particularly where the price paid by the appellee for the appellant's property is so disproportionately less than the actual value of the real estate. We therefore hold that where a landowner has no notice that real estate taxes are due, and of his duty to pay such taxes, and where there is no evidence of record indicating that notice was published in compliance with statute, a jurisdictional defect arises which renders void the tax deed to the property. *Cf. Shaffer v. Mareve Oil Co., supra; Gates v. Morris*, 123 W. Va. 6, 13 S.E.2d 473 (1941). *See also, Marlea Corp. v. Casto*, 161 W. Va. 498, 242 S.E.2d. 923 (1978). We wish to emphasize that we do not here reach the question of the constitutionality of the notice by publication provisions of Chapter

11A, article 3; rather we find that under the particular set of facts revealed by the record in this case, the appellants were deprived of their property without sufficient notice. We do not believe the holding of this case will extend to literate people with knowledge of their duty to pay taxes.

A court of equity has jurisdiction to set aside a void tax deed, *Hardman v. Ward,* 136 W. Va. 370, 67 S.E.2d 537 (1951); *Collins v. Reger,* 62 W. Va. 195, 57 S.E. 743 (1907) and may require as a condition precedent to setting aside the deed that the landowner reimburse the tax sale purchaser for the purchase money and taxes paid on the property. *Gates v. Morris, supra; Collins v. Reger, supra; Siers v. Wiseman,* 58 W.Va. 340, 52 S.E. 460 (1905); *Morris v. Roseberry,* 46 W.Va. 24, 32 S.E. 1019 (1899). Accordingly, on remand the court should give the appellants an opportunity to reimburse the appellee for the purchase price and taxes paid on the property. Upon such reimbursement, the court should enter a decree cancelling and setting aside the tax deed to the appellee.

For the foregoing reasons the decision of the Circuit Court of Harrison County is reversed and remanded for proceedings consistent with this opinion.

*Reversed and remanded.*