581 So.2d 920 (1991)
K.L.J., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 90-3261.
District Court of Appeal of Florida, First District.
June 6, 1991.
Louis O. Frost, Jr., Public Defender, James T. Miller, Asst. Public Defender, Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen., Virlindia Doss, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
K.L.J. appeals from a final order of adjudication of delinquency which was based on a violation of section 614.104 of the Jacksonville municipal ordinances (curfew ordinance). Appellant asserts that the ordinance is unconstitutional. We agree and reverse.
On July 26, 1990, Detective Logan of the Jacksonville Sheriff's Office noticed the appellant riding his bicycle without a light. He was riding with two other individuals. The officer stated that he stopped them due to safety. The boys were riding all over Beach Boulevard and were crossing lanes of traffic. Also, the three individuals appeared to be under the age of the Jacksonville curfew ordinance and the late hour was a time when many burglaries occur. The officer stated that he was just going to warn them, but when appellant "got cocky," the officer arrested Jones and issued him a juvenile arraignment citation. Appellant and his mother stated that he *921 was supposed to be going to the store at about 11:00 p.m. Appellant was stopped at 12:15 a.m.
The state filed a petition for delinquency alleging that the appellant violated the city of Jacksonville's curfew law, municipal ordinance (M.O.) 614.104. This ordinance states:
It shall be unlawful for a minor under the age of sixteen years to loiter, idle, wander, stroll or play in or upon the public streets, highways, roads, alleys, parks, playgrounds, wharves, docks or other public grounds, public places and public buildings, or places of amusement and entertainment, vacant lots or other unsupervised placed in the City between the hours of 12:00 midnight and sunrise of the following day, local standard time; provided, that the provisions of this section do not apply to a minor accompanied by his parent, guardian or other adult designated by the parent or guardian or where the minor is upon legitimate business.
Appellant filed a motion to dismiss alleging that the ordinance violated the first amendment of the United States Constitution and article I, sections 3 and 4 of the Florida Constitution. A hearing was conducted on the motion to dismiss, and the circuit court denied the motion. The circuit court found the ordinance to be facially constitutional since it provided for a defense of "legitimate business," which the court would interpret to mean a "legitimate purpose." Appellant entered his plea of no contest specifically reserving his right to appeal the denial of the motion to dismiss. The plea was accepted and the court withheld adjudication of delinquency and placed the appellant on unsupervised community control with a condition he perform 24 hours of community service.
Curfew ordinances have been struck down by Florida courts as being either vague or overbroad. A statute is overbroad when it criminalizes legal as well as illegal activity and has a chilling effect on first amendment freedoms. See, e.g., Clark v. State, 395 So.2d 525 (Fla. 1981); State v. Keaton, 371 So.2d 86 (Fla. 1979). Recently, the Florida Supreme Court defined the test for vagueness:
A statute which does not give people of ordinary intelligence fair notice of what constitutes forbidden conduct is vague. Papachristou v. City of Jacksonville, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); State v. Winters, 346 So.2d 991 (Fla. 1977); Franklin v. State, 257 So.2d 21 (Fla. 1971). The language of a statute must `provide a definite warning of what conduct' is required or prohibited, `measured by common understanding and practice.' State v. Bussey, 463 So.2d 1141, 1144 (Fla. 1985).
Warren v. State, 572 So.2d 1376, 1377 (Fla. 1991).
Curfew ordinances specifically have been found to be unconstitutional by the First and Second District Courts of Appeal. In W.J.W. v. State, 356 So.2d 48 (Fla. 1st DCA 1978), this court struck down a city of Pensacola curfew ordinance. The court found that curfew ordinances infringe on basic constitutional rights:
Restraining children under the age of sixteen years from freely walking upon the streets or other public places when no emergency exists is incompatible with the freedoms of speech, association, peaceful assembly and religion secured to all citizens of Florida by Article I of the Florida Constitution.
Id. at 50. The Second District struck down a city of Palmetto ordinance which provided for a curfew for children under 17 years of age unless "[the minor child] is properly attended by or is in the company of such minor's parent ... or if such minor child shall have a written permit therefor from the chief of police... ." S.W. v. State, 431 So.2d 339, 340 (Fla. 2nd DCA 1983). In S.W., the court found that the ordinance "prohibits minors from participating in a myriad of legitimate activities" and "bristles with the potential for selective enforcement," thereby finding the Palmetto ordinance to be both vague and overbroad. Id. at 341.
Several state and federal courts have upheld curfew ordinances where they have been narrowly drawn and provide for specific *922 exceptions which apprise parties as to what conduct is permissible, or where the court has determined that limitation on minors' right to be on the street did not infringe on basic constitutional rights. See Bykofsky v. Borough of Middletown, 401 F. Supp. 1242 (M.D.Pa. 1975), aff'd without opinion, 535 F.2d 1245 (3rd Cir.1976), cert. denied, 429 U.S. 964, 97 S.Ct. 394, 50 L.Ed.2d 333 (1976); City of Panora v. Simmons, 445 N.W.2d 363 (Iowa 1989); People In Interest of J.M., 768 P.2d 219 (Colo. 1989). The great majority of courts, however, have found that general curfew ordinances impermissibly infringe on basic constitutional rights. W.J.W. v. State, supra; S.W. v. State, supra; Waters v. Barry, 711 F. Supp. 1125 (D.D.C. 1989); Naprstek v. City of Norwich, 545 F.2d 815 (1976); Johnson v. City of Opelousas, 658 F.2d 1065 (5th Cir.1981); Allen v. City of Bordentown, 216 N.J. Super. 557, 524 A.2d 478 (1987); Hayes v. Oklahoma City, 487 P.2d 974 (Okla. Crim. App. 1971). See also 83 A.L.R.4th 1056 (1991). The Jacksonville ordinance would be struck down under this case law because the ordinance is not narrowly drawn, nor does it sufficiently apprise persons of what conduct is prohibited.
A New Jersey court in Allen v. City of Bordentown, supra, interpreted an ordinance which, like Jacksonville's, provided for an exemption for minors on "legitimate business." That court found the term "legitimate business" did not provide sufficient guidance to parties as to what conduct was prohibited.
The word `legitimate' is not defined. Does it mean business permitted by law? Is business `legitimate' because the minor so believes? Who is to say what is `legitimate business'? Again his definition will be supplied on a subjective basis permitting the discriminatory enforcement of the ordinance.
Id., 524 A.2d at 482. The New Jersey court found the Bordentown ordinance to be both vague and overbroad.
The Jacksonville ordinance suffers from the same infirmities as the Bordentown ordinance. The trial court's construction of the term "legitimate business" as "legitimate purpose" does nothing to cure the defects concerning vagueness identified by the New Jersey court in Allen. The ordinance may also be applied in a manner which would infringe on the basis rights guaranteed by the United States and Florida Constitutions as identified in W.J.W. v. State, supra. We, therefore, determine that the Jacksonville ordinance is both unconstitutionally vague and overbroad. The conviction of the appellant is reversed.
ZEHMER, BARFIELD and WOLF, JJ., concur.