Randolph E. GREEN; Melba L. Green; and Craig A. Green, Plaintiffs,

v.

The CITY OF BOSTON; Mayor Thomas M. Menino; Public Facilities Department; Charles T. Grigsby, Director; Barbara J. Salfity, Deputy Director; Dianne Marchioni, Property Manager; Inspectional Services Department; John Eade, Commissioner; and Richard Beaulieu, Principal Housing Inspector, Defendants.

Civil Action No. 96–10048–GAO.

United States District Court, D. Massachusetts.

June 5, 1997.

---

5. Mislabeled by the defendants as Exhibit B.

6. Mislabeled by both parties as Exhibit D.

Randolph E. Green, Melba L. Green, Craig A. Green, pro se.

Gerald Fabiano, City of Boston Law Dept., Boston, MA, for defendants.

## MEMORANDUM AND ORDER

O'TOOLE, District Judge.

The *pro se* plaintiffs, Randolph E. Green, Melba L. Green, and Craig A. Green (the "Greens"), filed suit against the City of Boston and various city officials and employees,[1] alleging that the defendants violated the Greens' constitutional and civil rights. Pursuant to Fed.R.Civ.P. 12(b)(6), the defendants have moved for dismissal of all counts for failure to state a claim. For the reasons stated below, the defendants' motion is granted, and the action is dismissed.

### I. Background

The facts read in the light most favorable to the plaintiffs are as follows: The plaintiffs were the owners of property at 32 Alaska Street in Roxbury, when in March 1976, the City of Boston filed a tax lien in Massachusetts Land Court to foreclose on the property because the plaintiffs owed back taxes. Their right of redemption was foreclosed by order of final judgment entered by the Land Court in March 1992.

---

1. The named defendants are Thomas M. Menino (Mayor); Charles T. Grigsby (Director of the Public Facilities Department); Barbara J. Salfity (Deputy Director of the Public Facilities Department); the Public Facilities Department itself; Dianne Marchioni (Property Manager of the Inspectional Services Department); John Eade (Commissioner of the Inspectional Services Department); and Richard Beaulieu (Principal Housing Inspector of the Inspectional Services Department).

Craig Green continued to live at the Alaska Street residence. On July 11, 1994, the defendants attempted to organize a private auction of the premises. In January 1995, the Inspectional Services Department ("Inspectional Services") condemned the property as unfit for human habitation and issued a vacate order. However, Inspectional Services was unable to persuade Craig Green to leave the residence voluntarily, despite its offer to help him apply for relocation assistance. On July 11, 1994, Dianne Marchioni, the property manager of Inspectional Services, sent Craig Green a letter, notifying him that the vacant second and third floors of the residence would be cleaned out by city employees and renewing the Inspectional Services' offer to help him relocate to another apartment. He apparently did not respond to this letter.

On September 29, 1995, after a hearing which included live testimony, the Housing Court issued an order authorizing city employees to enter the premises on October 20, 1995, to remove Craig Green and his possessions if he had not vacated by that date. The order also required the City to move Craig Green's possessions into bonded storage and to pay for three months of storage. Craig Green claims that he was never given notice of the hearing, but the Housing Court explicitly found that he had been notified but failed to appear.

On November 30, 1995 and other subsequent dates, the City took out advertisements in the *Bay State Banner* to try to sell the house. The plaintiffs claim that these advertisements misrepresented the house as being only a two-family house when it is actually a three-family house. The plaintiffs also claim that movers hired by the City removed Craig Green's belongings from Alaska Street on December 8, 1995, but failed to store them at a bonded storage warehouse as required by the Housing Court's order.

## II. Discussion

A motion to dismiss involves only a limited inquiry. The standard for granting the motion is not the likelihood of success on the merits, but rather, whether the plaintiff is entitled to offer evidence to support his or her claim. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The plaintiffs contend that the defendants' actions violated their rights under the Fifth and Fourteenth Amendment, as well as under 42 U.S.C. §§ 1981, 1982, 1983, and 1985.

■ The plaintiffs have filed other actions relating to these claims. *See Green v. Menino,* No. 94–11805–PBS (D.Mass. May 1, 1995); *Green v. Grigsby,* No. 95–11514–NG (D.Mass. March 6, 1996). In both of these actions, the plaintiffs raised the claim that the alleged auction of the Alaska Street residence violated their constitutional and statutory civil rights. Both of these actions were dismissed on the merits. Because all of the elements of claim preclusion are present, the plaintiffs are precluded from raising their auction claim here. *See Monarch Life Ins. Co. v. Ropes & Gray,* 65 F.3d 973, 978 (1st Cir.1995) (Issue preclusion applies where, in both actions, the same issue was resolved, actually litigated, and resolved on the merits in a final judgment, and its resolution was essential to the judgment.).

■ The plaintiffs' other allegations must also be dismissed for failure to state a claim. The wrongs that the plaintiffs allege are not violations of the plaintiffs' constitutional or federal statutory rights. Because the plaintiffs had lost title and all rights of redemption to the property as of March 1992, they did not have any constitutionally protected right to object to or be notified of the property's sale. *Pearson v. Dodd,* 429 U.S. 396, 398, 97 S.Ct. 581, 582, 50 L.Ed.2d 574 (1977). Though the plaintiffs claim that Craig Green never received notice of the September 1995 hearing, the Housing Court explicitly found that he had. This Court does not have jurisdiction to review findings of fact made by the Housing Court.

■ Finally, the plaintiffs' remaining allegation—that Craig Green's property was not properly stored in a bonded warehouse as ordered by the Housing Court—does not raise a constitutional or federal civil rights issue. The claimed violation is not that the defendants deprived Craig Green of his property without due process of law, but rather,

that they failed to preserve his property. This may state a tort claim under state law, but it does not arise to the level of a constitutional or civil rights violation.

 The plaintiffs have also alleged that they were denied equal protection of the laws because of their race. To support these claims, even at the permissive stage of a motion to dismiss, the plaintiffs must provide more than conclusory allegations that their race was the reason for any alleged unfairness. *See The Dartmouth Review v. Dartmouth College,* 889 F.2d 13, 21 (1st Cir.1989) (Dismissing § 1981 claims where plaintiffs did not allege any specific facts "which, if proven, could plausibly lead to a supportable finding that *plaintiffs' race* was the reason for the unfairness.") (emphasis in original).

For these reasons, the defendants' motion is granted, and the action is dismissed.

SO ORDERED.

