In the Matter of the Application of FRANK JOYCE, Petitioner, Respondent, against HENRY E. BRUCKMAN, Chairman, and Others, Individually and as Members Constituting the State Liquor Authority of the State of New York, Appellants.

Fourth Department, November 10, 1939.

*Francis V. McHugh* [*Monroe I. Katcher, II*, of counsel] for the appellants.

*James E. Cuff*, for the respondent.

CROSBY, J. This is an appeal by the State Liquor Authority from an order of the Supreme Court annulling and setting aside a determination of the appellants revoking the retail liquor license of Frank Joyce, the petitioner. The State Liquor Authority is a board of five Commissioners, before only one of whom witnesses

were produced to show that petitioner was interested in a store other than the one licensed in his name, and that, in making application for his license, he made false statements to conceal the fact of such interest. (Alcoholic Beverage Control Law, § 105, subds. 16, 17; §§ 110, 111.)

Much evidence was taken before Commissioner Joseph M. Ryan, and, on his recommendation, the other four Commissioners joined in the determination complained of.

The petition to the court to review that determination alleges, among other things, in substance, that none of the Commissioners excepting Ryan " read *all* of the minutes of the testimony given by the witnesses at the hearings held herein, nor were all the minutes of said testimony read to him " before the determination was made. The petition also alleges, as to each of the Commissioners except Ryan, that he " was not present at the hearings," and did not " hear the witnesses testify." The petition further alleges, as to all the Commissioners, except Ryan, that, before making the determination, he " did not * * * make an independent review of the evidence " nor " make a careful reading of the minutes of the testimony given by the witnesses at the hearings held herein," also " did not read or hear read *any* of the minutes of the testimony given by the witnesses herein," also " joined in the determination to revoke the petitioner's license * * * in reliance upon the judgment of Joseph M. Ryan and of the legal counsel of the Authority." The petition further alleges, as to each of the Commissioners, excepting Ryan, that in making the determination complained of " the only information " he had " was what he derived from consultation with Joseph M. Ryan and counsel or employees of the Authority."

All of the allegations of the petition, quoted above, are admitted by the answer of appellants.

In this state of the pleading the respondent on this appeal claims that the matter was properly disposed of by the Special Term, pursuant to the directions of the first five subdivisions of section 1296 of the Civil Practice Act, as only questions of law were involved. He claims that the Commissioners of the State Liquor Authority, acting in a judicial or quasi-judicial capacity, went beyond their authority in delegating to one Commissioner their authority to make a judicial determination.

Appellants claim that the Special Term should have transferred the proceeding to the Appellate Division pursuant to the directions of the paragraph following subdivision 7 of section 1296, since the evidence presents questions of fact which call for a determination on the weight of evidence. Appellants particularly call attention

to an allegation in the petition which reads: " That the revocation of the petitioner's license was arbitrary and capricious and was not made *upon the evidence*."

I disagree with appellants on this point. Read as a whole the petition clearly presents the issue whether, as a matter of law, five Commissioners, acting as a judicial board, could make a determination when four of them concededly knew nothing of the facts on which the determination was based, excepting what they were told by the fifth member.

In any case the second paragraph following subdivision 7 of section 1296 of the Civil Practice Act directs: " If the court erroneously decides that the issues in the cause are not such as to call for transfer of the cause to the Appellate Division, or if the converse occurs, the Appellate Division shall treat the cause, when the latter comes before it by appeal or transfer, as if the proper proceedings had been taken," etc.

We must, therefore, determine the question of law involved, whether the State Liquor Authority properly exercised its quasi-judicial power.

Of late the functions of government have been intrusted to boards and commissions to a degree unheard of until recently. Matters of the greatest importance are determined by such boards and their determinations are not reviewable by the courts on the facts. Often, as in the instant case, such boards are the accusers as well as the judges, and the witnesses, whose testimony they weigh, are their own trusted subordinates. In acting judicially it is highly important that they act judiciously as well. To put it another way, if one is empowered to act as a judge he should act like a judge. This is not saying that the Commissioners of the State Liquor Authority are not capable of judging wisely, for presumably they are especially well qualified to be judges of the matters committed to them, and no question is raised as to their good faith. But how can they, or any one else, judge facts, to be derived from conflicting testimony, unless they have at least a speaking acquaintance with the record?

To quote from the opinion of the United States Supreme Court in a case cited by appellants: " The one who decides must hear. This necessary rule does not preclude practicable administrative procedure in obtaining the aid of assistants in the department. Assistants may prosecute inquiries. Evidence may be taken by an examiner. Evidence thus taken may be sifted and analyzed by competent subordinates. * * * The requirements are not technical. But there must be a hearing in a substantial sense. And to give the substance of a hearing, which is for the purpose of

making determinations upon evidence, *the officer who makes the determinations* must consider and appraise the evidence," etc. (Italics mine.)    (*Morgan* v. *United States*, 298 U. S. 468.)

It is suggestive, too, that the Alcoholic Beverage Control Law provides that the "Authority" (as a whole) has power to revoke licenses (§ 17, subd. 3), and nowhere authorizes any delegation of authority excepting in respect to holding hearings, issuing subpœnas to witnesses, administering oaths, examining witnesses, requiring the production of books, and the like.    (§ 17, subd. 10.)

The State Liquor Authority being a quasi-judicial body, I should suppose it would be presumed that they acted as a body and properly, had it not been for the admission in the answer that four of the five did not even attempt to weigh the evidence.    To my mind this is fatal to wise and proper judgment.    And though the evidence, when properly weighed, may justify the determination made, that is not for this court to say.    The law requires and the respondent on this appeal asks that he have the considered judgment of the Liquor Authority.    To that we think he is entitled.

The order should be affirmed, with costs.

All concur.    Present — CROSBY, LEWIS, CUNNINGHAM, TAYLOR and DOWLING, JJ.

Order affirmed, with costs.