■ In the Matter of FREDA H. TAUB et al., Petitioners, against MALCOLM PIRNIE, SR., et al., Constituting the Board of Appeals of the Incorporated Village of Scarsdale, Westchester County, Respondents, and HEATH-YORK CORPORATION, Intervenor-Respondent.— Proceeding under article 78 of the Civil Practice Act and section 179-b of the Village Law to review a determination of the Board of Appeals of the Village of Scarsdale, transferred to this court pursuant to section 1296 of the Civil Practice Act. The determination sought to be reviewed granted the intervenor's application for a variance to permit land in a residence district to be used as a parking lot in connection with a building to be erected upon the adjoining portion of the parcel, which is situated in a business district. Certain issues raised by the pleadings, as to the regularity of the proceedings before the board, were referred to an Official Referee to try and report to this court with his findings thereon (*Matter of Taub* v. *Pirnie*, 1 A D 2d 1022). The report has been made and confirmed by this court. (See *Matter of Taub* v. *Pirnie, ante,* p. 745.) Determination confirmed, without costs. Under section 154 (h) of the local zoning ordinance the board is empowered to grant the variance. The undisputed evidence as to the physical facts supports the board's determination. The report of the Official Referee shows that the respondent Silliman, one of the members of the board who voted to grant the variance, was not present at the public hearing upon the application for the variance, and did not read the transcript of the record thereof. While a board member may not make a judicial determination without knowledge of the material evidence (*Matter of Joyce* v. *Bruckman*, 257 App. Div. 795, appeal dismissed 284 N. Y. 736), the record shows that Mr. Silliman was possessed of such knowledge. At the public hearing there were no substantial disputes on the facts, and no testimony was taken. The hearing consisted merely of speeches and arguments for and against granting the variance. Mr. Silliman was familiar with the property and with the arguments. Wenzel, Beldock, Ughetta and Hallinan, JJ., concur; Nolan, P. J.,

dissents and votes to annul the determination, with the following memorandum: Section 179-b of the Village Law provides that the concurring vote of a majority of the board shall be necessary to decide in favor of the applicant any matter upon which it is required to pass, under any ordinance adopted pursuant to that statute, or to effect any variation in such ordinance. The zoning ordinance provides that any determination by the board, such as that under review, may be made only after a public hearing. Concededly, a public hearing was held at which four of the five members of the board were present. However, the determination of the board was made at a later meeting at which only three members were present, and at which Mr. Silliman, the member of the board who was not present at the public hearing, attended and voted in favor of granting the variance applied for by the intervenor. It is established by the record that Mr. Silliman did not, prior to the meeting at which the determination was made, read the minutes of the public hearing at which objections were heard and the arguments of the parties were advanced. Such being the case, Mr. Silliman was not eligible to vote on the application, and there was lacking the majority vote required by the statute as a basis for the board's determination. (Cf. *Matter of Joyce* v. *Bruckman*, 257 App. Div. 795; *Matter of Kilgus* v. *Board of Estimate of the City of N. Y.*, 308 N. Y. 620; *Morgan* v. *United States*, 298 U. S. 468.)