◼ In the Matter of RAYMOND T. PACHUCKI, Petitioner, v CARL J. WALTERS et al., Constituting the Town Board of the Town of Guilderland, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination by the Town Board of the Town of Guilderland which dismissed petitioner from employment as a town police officer. Petitioner, a police officer of the Town of Guilderland police force since 1972, was charged by a notice of charge dated October 28, 1975 with 10 specifications of misconduct and suspended pending a hearing. Following the hearing the hearing officer issued his report recommending that all the charges except one be dismissed. Regarding the charge he sustained, taking and removing a quantity of the town's motor oil for personal use, the hearing officer recommended a 30-day suspension. On January 13, 1976, after reviewing the record, the town board dismissed the petitioner. Petitioner then brought this article 78 proceeding to review the determination, to set it aside and compel his reinstatement. Initially petitioner argues that the charges were fatally defective by reason of their lack of specificity. Section 75 of the Civil Service Law requires that a person suspected of misconduct be presented with "stated charges". Such person should be sufficiently apprised of the charges against him so as to enable him to prepare his defense *(People ex rel. Miller v Elmendorf,* 42 App Div 306). We consider the appropriate standard in determining whether charges are sufficiently specific to be whether or not they are detailed enough to allow the person charged to present a defense. If the person suspected of misconduct believes the charges inadequate, he may ask for a bill of particulars *(Matter of Cregier v Cassidy,* 205 App Div 774). In the present case, petitioner made no request for a bill of particulars nor did he request additional time to prepare a defense. After a careful examination of the charges, this court is of the view that the charges were sufficient. In his petition, the petitioner claimed upon information and belief that all the members of the town board did not review the record before making the determination and that one member of the town board improperly communicated with the hearing officer while the hearing officer was considering his decision. These allegations are insufficient to raise issues of fact in this

proceeding since the source of the information has not been stated *(Matter of Whitman,* 225 NY 1; 24 Carmody-Wait 2d, NY Prac, § 145:293, pp 98–99). Therefore, these allegations based upon information and belief are insufficient to provide petitioner the right to any relief. Petitioner also contends that the determination was not supported by substantial evidence and that the discipline imposed was grossly excessive. The town board in making its determination failed to set forth any findings of fact. The record merely reflects the following: "Town Board has given long and careful consideration to the charges." On such a record it is impossible to tell if the board found petitioner guilty of all the charges, some of them or only one of them. Such a failure to state findings of fact precludes adequate judicial review and requires that this matter be remitted to the town board for a statement of the factual grounds for the determination *(Matter of Simpson v Wolansky,* 38 NY2d 391; *Matter of New York Water Serv. Corp. v Water Power & Control Comm.,* 283 NY 23). Since the matter is being remitted, we deem it necessary to state that from our examination of the record we find it does not contain substantial evidence to sustain a guilty determination of any of the charges with the exception of charge number four. Consequently, on remittal the town board should make appropriate findings as to the remaining charge and fix the sanction to be imposed. Decision withheld and matter remitted for further proceedings not inconsistent herewith. Upon the making of new or additional findings by the board and the filing of the record thereof in this court, the proceeding will be restored to the calendar. Greenblott, J. P., Sweeney, Main, Larkin and Herlihy, JJ., concur.