OPINION OF THE COURT
Herman Cahn, J.
Petitioner brings this CPLR article 78 proceeding to annul a determination by the respondent Commissioner of the Department of Consumer Affairs (Commissioner). In said determina *205 tian the Commissioner directed petitioner, a licensed auctioneer, to pay to the complainant a sum of money, while finding that petitioner had not committed any acts warranting the taking of any further actions against his license. Petitioner’s arguments focus on the procedural fairness of the way in which Commissioner’s decision was arrived at, and on Commissioner’s authority to render the directions contained in his decision.
In June, 1976 petitioner agreed to sell the property of respondent Advance Mills Inc. The sale was to be a private sale held in July, 1976, and any equipment not then sold was to be sold at a public auction in August, 1976. The sales took place.
Respondents contend that petitioner did not timely account for the proceeds of the sales and thereby violated regulation 9J of article 21 of chapter 32 of the Administrative Code of the City of New York. Commissioner caused a departmental summons to be issued, and a hearing was conducted on three separate occasions by a hearing officer designated by Commissioner.
After the hearings were concluded, but before any decision was arrived at, the hearing officer resigned. Evidently, he did not participate in the ultimate determination rendered by Commissioner. Prior to his departure, the hearing officer submitted a written recommendation and findings to Commissioner’s director of adjudication. Such recommendations, and all the documentary evidence and legal briefs were eventually reviewed by the person who drafted the decision. The transcript of the proceeding, however was not transcribed until after a final written decision was rendered, and therefore it appears that the individual rendering said written decision could not have reviewed the transcript in arriving at the decision.
The argument is made that since this administrative proceeding is judicial in nature, petitioner was entitled to have the same hearing officer who heard all of the testimony, make the final determination. At a hearing held by an administrative body acting in a judicial or quasi-judicial capacity, technical rules of evidence and procedure may be disregarded and the hearing may be more or less informal than one before the court. However, no essential element of a fair trial can be dispensed with unless waived. (Matter of Hecht v Monaghan, 307 NY 461.) Due process of law and the concept of a fair *206 administrative hearing does not require that the actual taking of evidence be before the same officer who makes the final determination. (New York State Labor Relations Bd. v Paragon Oil Co., 45 NYS2d 152.) In fact, section 303 of the State Administrative Procedure Act specifically permits the substitution of the presiding officer at administrative hearings, whenever it becomes "impractical for [the first presiding officer] to continue”. The mere fact that the officer who makes the decision did not himself observe the demeanor of the witnesses, since said officer did not preside at all or part of the hearing is not grounds for setting aside the decision.
However, it is clear that the person who eventually rendered the decision herein did not review the transcript of the testimony, before rendering such decision. The transcript was not transcribed until after the decision was rendered. Therefore said officer could not possibly have reviewed all of the evidence since the most that could have been reviewed was someone else’s notes relating to the testimony. Said other notes may or may not have been complete or accurate. It is an essential part of a fair hearing that the person who makes the decision have an opportunity to review all of the evidence, not merely notes of the evidence or documentary evidence. (Matter of Kilgus v Board of Estimate of City of N. Y., 308 NY 620; Matter of Joyce v Bruckman, 257 App Div 795.) Since this was not done here, the within motion must be granted, and the matter remanded to Commissioner for a new hearing.
The court notes that petitioner’s second argument, that Commissioner did not have the authority to direct payment of moneys to Advance Mills Inc., is not a valid one. Commissioner clearly is empowered to "arrange for the redress of injuries” (Administrative Code, § 773.4.0; see Kostika v Cuomo, 41 NY2d 673).