OPINION OF THE COURT
Memorandum.
The judgment of Supreme Court, Richmond County, should be reversed, with costs, and the determination of the New York City Housing Authority (Authority) should be reinstated. The prior nonfinal order of modification brought up for review pursuant to CPLR 5601 (subd [d]) should be reversed.
*892 Petitioner, who was employed by the New York City Housing Authority Police Department, was charged with incompetency and misconduct. A hearing on the charges was held and it was clearly established that the petitioner, although on sick leave from the Authority police force, was working on a regular basis at a service station he owned. A review of petitioner’s testimony indicates that he was well aware of the housing authority regulations which required officers to obtain prior permission either to leave their “place of confinement” while on sick leave or to engage in any secondary employment. Petitioner’s conduct was clearly in violation of these regulations. Although the hearing officer recommended a two-month suspension without pay as the appropriate sanction, the Authority determined that dismissal was proper.
Petitioner then brought this article 78 proceeding which was transferred to the Appellate Division pursuant to CPLR 7804 (subd [g]) and 7803 (subd 4). The Appellate Division modified the agency’s determination by reducing the penalty from dismissal to a two-month suspension without pay and by ordering petitioner’s reinstatement. The case was remanded to Special Term for a hearing on the issue of back pay. After entry of judgment based on a stipulation with respect to the issue of back pay, this appeal was brought challenging the prior nonfinal order of the Appellate Division.
As stated by this court in Matter of Harris v Mechanicville Cent. School Dist. (45 NY2d 279, 284) “[Judicial review of administratively imposed sanctions is limited: only when the sanction is, under the circumstances, so disproportionate to the offense as to ‘shock the conscience of the court’ may it be revised (Matter of Pell v Board of Educ., 34 NY2d 222, 232-235, supra).” In this case, it cannot be said that the penalty of dismissal was so disproportionate to petitioner’s offenses as to mandate modification. Petitioner knowingly violated his employer’s regulations over an extended period of time. In light of petitioner’s continuing and intentional violation of those rules, the agency did not abuse its discretion by imposing the penalty of dismissal. Since it cannot be said, as a matter of law, that the agency abused its discretion by dismissing the *893 petitioner, the agency’s determination should be reinstated.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Judgment appealed from and order of the Appellate Division brought up for review reversed, with costs, and determination of the New York City Housing Authority reinstated in a memorandum.