■ In the Matter of EDNA MANCUSO, Petitioner, v MINISINK VALLEY CENTRAL SCHOOL DISTRICT, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of respondent Minisink Valley Central School District, dated June 11, 1981, discharging petitioner from employment. Determination confirmed and proceeding dismissed, on the merits, without costs or disbursements. Petitioner was charged with some 34 acts of misconduct and incompetence. Following a fair hearing 23 of the enumerated specifications were dismissed. Petitioner was found guilty of the remaining specifications, and the hearing officer recommended dismissal. The board of education of respondent school district adopted the findings of the hearing officer and dismissed petitioner from the service of the Minisink Valley Central School District. Review of the record as a whole reveals that respondent's determination was supported by substantial evidence (see *Matter of Purdy v Kreisberg,* 47 NY2d 354, 358; *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 181). Petitioner's contention that the exhibits documenting the quality of her typing were improperly admitted because said documents were not identified as her work product has some merit. Nevertheless, even if such evidence should have been excluded, its admission was not a sufficient reason to annul the determination. Petitioner's conduct, which serves as the basis of the charges and specifications of which she was found guilty, exhibits a blatant disregard of the need to maintain a proper office setting and a complete lack of respect for the authority of her supervisors. Her lapses in proper office

demeanor are inexcusable. In view of petitioner's pattern of misconduct the penalty of dismissal is not so disproportionate to the offenses as to shock the conscience of this court (see, e.g., *Matter of Gailband v Christian,* 56 NY2d 890; *Matter of Santarella v New York City Dept. of Correction,* 53 NY2d 948; *Matter of Pell v Board of Educ.,* 34 NY2d 222). Damiani, J. P., Mangano, Gulotta and Brown, JJ., concur.