■ In the Matter of MARY YOUNG, Appellant, v BOARD OF EDUCATION OF THE BALDWIN UNION FREE SCHOOL DISTRICT et al., Respondents. — In a proceeding pursuant to CPLR article 78 to review a determination of the respondent

Board of Education of the Baldwin Union Free School District, dated May 19, 1982, which, after a hearing, found petitioner guilty of charges relating to the unauthorized disclosure of certain confidential correspondence and imposed a penalty of demotion to the position of senior stenographer, petitioner (1) appeals from an order of the Supreme Court, Nassau County (Robbins, J.), dated January 12, 1983, which transferred the proceeding to this court pursuant to CPLR 7804 (subd [g]), and (2) seeks review of the board of education's determination. ¶ Appeal dismissed, without costs or disbursements. ¶ Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. ¶ CPLR 7804 (subd [g]) mandates that this court dispose of all issues in the instant proceeding (see, also, *Matter of 125 Bar Corp. v State Liq. Auth.*, 24 NY2d 174, 180; *Matter of Portugal v Webb*, 91 AD2d 997, 998). Therefore, petitioner is not aggrieved by the order dated January 12, 1983 which transferred this proceeding to this court, and the appeal therefrom must be dismissed (CPLR 5511). ¶ Turning to the issues in the instant proceeding, petitioner, who served as a secretary to a superintendent of schools, was found guilty of charges relating to the unauthorized disclosure of the contents of confidential correspondence from the attorney for the board of education. Although petitioner raises numerous challenges to the administrative hearing, we find no merit to any of them and, therefore, confirm the determination. ¶ First, petitioner contends that she was deprived of due process of law because there was a risk that the hearing officer was biased in favor of the board. It appears that the hearing officer was an assistant superintendent for personnel in a neighboring district (which district was represented by the same law firm as the district in question), and that he was a prominent member of a professional association in which one of the board's witnesses was also involved. ¶ We find, however, that petitioner has not established "the kind of personal or financial stake in the decision that might create a conflict of interest, and there is nothing in the record to support charges of personal animosity" (*Hortonville Dist. v Hortonville Educ. Assn.*, 426 US 482, 492). There is no per se rule that would disqualify even employees of the board and it is evident that the hearing officer conducted the proceedings fairly on the basis of the facts before him (see, e.g., *Matter of Warder v Board of Regents*, 53 NY2d 186, 197-198, cert den 454 US 1125; *Duke v North Texas State Univ.*, 469 F2d 829, 834, cert den 412 US 932; 2 Davis, Administrative Law, §§ 12.01-12.03). Unlike *Matter of Gailband v Christian* (71 AD2d 625, 626, following remand for new hearing 78 AD2d 853, revd on other grounds 56 NY2d 890), the hearing officer did not display an "unwarranted and improper hostility" and did not conduct "a lengthy prosecutorial type cross-examination of petitioner". ¶ Nor were there any other due process violations. Inasmuch as the charges were specific, it was not improper to deny petitioner's request for a bill of particulars (*Matter of Pachucki v Walters*, 56 AD2d 677; cf. *Matter of Gailband v Christian, supra*). Similarly, petitioner's claim that an admission she made prior to the hearing was not admissible in evidence because she had not been given *Miranda*-type warnings is meritless. The authorities on which she relies pertain to criminal trials, not administrative proceedings (see *Matter of Di Marsico v Whalen*, 49 NY2d 822, affg 68 AD2d 971, 972; *People ex rel. Martinez v Walters*, 99 AD2d 476; cf. *Matter of Brown v Lavine*, 37 NY2d 317). ¶ In short, the record contains substantial evidence to support the charges, there were no evidentiary errors rising to the level of a due process violation (*Matter of Lawrence Black, Inc. v Cuomo*, 48 NY2d 774, affg 65 AD2d 845), and the penalty imposed is not so disproportionate to the offense as to warrant judicial intervention. Accordingly, we confirm (*Matter of Silberfarb v Board of Coop. Educ. Servs.*, 60 NY2d 979; *Matter of Pell v Board of Educ.*, 34 NY2d 222). Titone, J. P., Bracken, Brown and Rubin, JJ., concur.