◼ In the Matter of RAYMOND GISBERT, Appellant, v NEW YORK STATE THRUWAY AUTHORITY, Respondent.—Weiss, J. Appeal from a judgment of the Supreme Court at Special Term (Connor, J.), entered May 15, 1985 in Albany County, which partially dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent suspending petitioner without pay for two weeks, and transferred to this court the remainder of the petition.

Petitioner, a truck driver employed by respondent since 1969, was charged with two specifications of misconduct, one for being under the influence of alcohol while on duty and the second for consuming alcohol while on duty.* Following a Civil Service Law § 75 hearing, the latter charge was dismissed for insufficiency. The hearing officer also dismissed the "under the influence of alcohol" charge since there was no showing of the extent of petitioner's impairment, but found petitioner guilty of consuming alcohol on duty in violation of Thruway Authority Rule 102.8. Respondent adopted these findings and imposed a penalty of two weeks' suspension without pay. Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination as violative of his right to due process and as lacking in substantial evidence. Special Term dismissed petitioner's due process contentions and transferred the remainder of the case to this court (CPLR 7804 [g]).

On appeal, petitioner initially maintains that he was denied due process because the stated charges failed to specifically

---

* The specific charges were as follows:

"CHARGE I—YOU ARE CHARGED WITH MISCONDUCT IN THAT YOU WERE UNDER THE INFLUENCE OF ALCOHOL WHILE ON DUTY.

"Specification 1—On or about Tuesday, March 13, 1984 while operating a Thruway vehicle assigned to snow and ice control activities you were under the influence of alcohol.

"CHARGE II—YOU ARE CHARGED WITH MISCONDUCT IN THAT YOU CONSUMED ALCOHOL WHILE ON DUTY.

"Specification 1—On or about Tuesday, February 14, 1984 while assigned highway repair activities in a Thruway vehicle you consumed an alcoholic beverage."

apprise him of the conduct for which he was ultimately deemed guilty, i.e., the consumption of alcohol in violation of Thruway Authority Rule 102.8. We disagree. The notice required by Civil Service Law § 75 (2) "must sufficiently apprise the party of the charges against him so as to enable him to adequately prepare and present a defense" *(Matter of Fitzgerald v Libous,* 44 NY2d 660, 661; *see, Matter of Pachucki v Walters,* 56 AD2d 677; *Matter of Bateman v City of Ogdensburg,* 55 AD2d 781). Here, petitioner was charged with being "under the influence of alcohol" on a specific day while performing a specific assignment. Such charge necessarily implied that he had consumed alcohol at that time and place. We are unpersuaded by petitioner's thesis that the "under the influence" charge could not be construed as charging him with drinking on duty since it was possible that he may have consumed the alcohol before going on duty or outside the employer's property. This argument is speculative and misses the point that notice of the underlying conduct in question was adequately provided. Importantly, petitioner failed to request a bill of particulars for further clarification *(see, Matter of Pachucki v Walters, supra).* In our view, the charges sufficiently apprised petitioner of the nature of the misconduct so as to allow adequate preparation of a defense. As observed by Special Term, the misconduct found (consumption) differed only by degree from the misconduct charged (under the influence) *(cf. Matter of Shapiro v Board of Regents,* 16 NY2d 783; *Matter of Weiner v Board of Regents,* 3 AD2d 113).

We further find substantial evidence to support respondent's determination of misconduct. The record establishes that petitioner was assigned to operate a salt spreader/snow plow at a given section of the Thruway during a winter snowstorm. His supervisor testified that he found snow accumulating in all three lanes of the assigned area and that petitioner failed to respond to several radio contacts. Upon returning to the garage area, the supervisor confronted petitioner with these discrepancies. At this point, the supervisor noticed that petitioner's speech was slurred and observed several cans of beer in petitioner's vehicle, at least three of which were empty. A second supervisor testified that he smelled beer on petitioner's breath. This evidence provided ample basis for respondent's assessment of misconduct.

Judgment affirmed, determination confirmed and petition dismissed, without costs. Kane, J. P., Main, Weiss, Mikoll and Yesawich, Jr., JJ., concur.