■ In the Matter of ARTURO P. FLORES, Petitioner, v NEW YORK STATE EDUCATION DEPARTMENT et al., Respondents.— Mahoney, P. J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of respondent Commissioner of Education which revoked petitioner's license to practice medicine in New York.

Petitioner's license to practice medicine in this State was revoked by respondent Commissioner of Education following the Board of Regents' determination, with one member dissenting apparently on due process grounds, that petitioner was guilty of 11 charges of professional misconduct. Specifically, petitioner was found guilty of five specifications of practicing the profession fraudulently, three specifications of practicing the profession with gross incompetence, one specification of practicing the profession negligently on more than one occasion, and two specifications of engaging in unprofessional conduct by failing to maintain accurate patient records and by practicing medicine in a way that evidenced moral unfitness. Petitioner commenced this proceeding in this court to challenge the determination.

We reject petitioner's claim that he was denied due process. Although it would have been better practice for one of the members of the Hearing Panel to have disclosed her prior employment as Deputy Commissioner for Operations in the Department of Health, there has been no showing that she was biased and that the determination in this matter resulted from the bias *(see, Matter of Warder v Board of Regents,* 53 NY2d 186, 197, *cert denied* 454 US 1125; *Matter of Wolf v Ambach,* 95 AD2d 877, 878). In the absence of proof of a personal or financial conflict of interest, we find no due process violation by that member's service on the Hearing Panel *(see, e.g., Matter of Young v Board of Educ.,* 100 AD2d 515, 516). Likewise, the replacement of the Hearing Officer following the sixth day of hearings is not a violation of petitioner's right to due process, which does not include having the same presiding officer for the duration of the hearing *(see, Matter of Rothkoff v Ratner,* 104 Misc 2d 204, 205-206; *see*

*also,* State Administrative Procedure Act § 303; 10 NYCRR 51.9 [e]). Petitioner's challenge to the propriety of the summary suspension extension has been rendered moot by its lapse.

There is also no merit to petitioner's claim that the charges were not established by a preponderance of the evidence. Our review of the record reveals sufficient evidence concerning the way in which petitioner wrote prescriptions, billed Medicaid, treated patients D, F and G, and maintained patient charts to support the findings of guilt. For example, petitioner's own testimony supports the conclusions that he made diagnoses and prescribed medicine without performing diagnostic tests, that his chart documentation was inadequate and that there was no justification for certain prescriptions. During an extended colloquy with the Hearing Panel members, petitioner readily admitted specific instances of improper treatment. There is also testimonial and documentary evidence that petitioner engaged in the reprehensible practice of prescribing controlled substances to known drug addicts and overbilled Medicaid. These facts adequately support the determination which, accordingly, must be confirmed.

Determination confirmed, and petition dismissed, with costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.