█ In the Matter of CARLO SGUANCI, Petitioner, v COMMISSIONER OF PUBLIC WORKS OF BROOME COUNTY, Respondent.— Kane, J.

Petitioner, an employee of the Broome County Security Division, was involved in off-duty "practical jokes" or pranks performed on fellow security officers then on duty at Greenwood and Dorchester Parks in Broome County. The pranks

were undertaken with other off-duty security officers and involved entering the parks, turning certain park lighting on and other lights off and moving a park vehicle. After these incidents, a collision occurred off county property between petitioner's vehicle and a Broome County vehicle driven by an on-duty security officer who was following petitioner. Petitioner eventually proceeded to a local restaurant with his off-duty companions and those on-duty security officers involved; it was decided there that no official report would be filed.

Petitioner was eventually served with three charges of misconduct by letter from respondent dated August 29, 1988. After petitioner denied the charges and a hearing was held, the Hearing Officer found petitioner guilty of two of the three charges, "Poor Performance" and "Failure to Report an Accident". Thereafter, respondent adopted the Hearing Officer's findings and demoted petitioner with a six-month probationary period, in addition to a 30-day suspension previously served. Petitioner then commenced this CPLR article 78 proceeding to annul respondent's determination.

We confirm the determination and dismiss the petition. The record provides ample proof of petitioner's involvement in the pranks, the vehicle collision, and the subsequent failure to report, such that respondent's finding of misconduct is supported by substantial evidence (see, Matter of Pell v Board of Educ., 34 NY2d 222, 230). Although partially contradicted by petitioner's testimony, the evidence presented at the hearing, and the inferences reasonably drawn therefrom, indicate that petitioner fully participated in events that he knew, or should have known, amounted to misconduct.

We are likewise unpersuaded that petitioner was prejudiced by respondent's failure to cite specific violations of rules or regulations in the notice of charges. "[T]he charges sufficiently apprised petitioner of the nature of the misconduct so as to allow adequate preparation of a defense" (Matter of Gisbert v New York State Thruway Auth., 115 AD2d 934, 935). Finally, given petitioner's position as a supervisor and the nature of his misconduct, we find that petitioner was not erroneously singled out for harsher punishment, nor was that punishment disproportionate to the offense.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.