■ In the Matter of BYRON J. MAJOR, JR., Petitioner, v BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.—Mikoll, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of the Commissioner of Education which revoked petitioner's license to practice medicine in New York.

The issue presented for our review is whether petitioner's contentions that bias of the Hearing Committee and various allegedly erroneous procedural, evidentiary and due process rulings deprived petitioner of a fair, impartial hearing and due process, requiring a vacatur of some or all of the charges against him. In our view the proceedings were conducted in a fair and impartial manner. Petitioner was not deprived of any

material due process, evidentiary or procedural rights. The determination revoking petitioner's license to practice medicine should therefore be confirmed and the petition dismissed.

Petitioner was licensed to practice medicine in this State in 1974. In 1986, the Office of Professional Medical Conduct (hereinafter OPMC) charged him with professional misconduct as a physician within the meaning of Education Law § 6509 (2), (5) (a) (i) and (9). The specifications to the charges accused petitioner of (1) willful physical and verbal abuse of patient A on February 22, 1982 in the emergency room of Coney Island Hospital in Kings County while treating patient A by placing the tip of a scissors under that patient's eyes, threatening to cut out patient A's eyes, stabbing patient A in the mouth with scissors, using profanity in referring to patient A and telling the supervising nurse that she should have let patient A "bleed to death", (2) engaging in sexual intercourse with and sexually abusing patient B while she was under sedation in petitioner's office in New York City on December 10, 1985 for the adjustment of silicone implants in her breasts, (3) willfully harassing patient C in 1983 at his New York City office when, while treating patient C for a leg injury, he engaged in sexual intercourse with her, (4) misconduct in having been convicted of an act constituting a crime on February 29, 1984 when he pleaded guilty to assault in the third degree, (5) and (6) gross negligence with respect to the first and second specifications, (7) negligent practice of the profession on more than one occasion with respect to the first and second specifications, (8) willfully failing to obey OPMC's subpoena to produce patient A's office chart, and (9) practicing medicine in a manner evincing moral unfitness to practice the profession with respect to specifications 1 through 8. During the hearing three additional charges were made: (10) permitting, aiding or abetting an unlicensed person to perform acts requiring a medical license, (11) deliberately failing to administer an anesthetic to patient A before suturing patient A's forearm in respect to the first specification, and (12) sexually abusing patient B in reference to the second specification.

On April 2, 1986 the Commissioner of Health issued an order summarily suspending petitioner's license to practice medicine with notice of hearing to commence April 2, 1986. The hearing commenced on April 9, 1986. Fifteen days of hearings were held before the hearing concluded on October 20, 1987. Petitioner appeared at the hearings represented by counsel and gave testimony on his own behalf.

The Hearing Committee submitted its report concluding

that petitioner was guilty of specifications Nos. 2 and 8, as well as guilty of specifications Nos. 1, 5, 6, 7, 9, 11 and 12 to the extent indicated in its report. The Hearing Committee also recommended revocation of petitioner's license. Respondent thereafter adopted its Review Committee's recommendation which had accepted the Hearing Committee's recommendation. Subsequently, the Commissioner of Education effectuated respondent's determination and this CPLR article 78 proceeding to review that determination ensued.

Petitioner's argument that bias on the part of the Hearing Committee prejudiced him and deprived him of due process is without merit. There was no showing that any panelist said to be biased had any personal or financial conflict of interest *(see, Matter of Young v Board of Educ.,* 100 AD2d 515, 516). Petitioner's assertion that certain panelists on the Hearing Committee were biased or that the determination in this proceeding was the result of bias has not been proven *(see, Matter of Flores v New York State Educ. Dept.,* 146 AD2d 881).

While the three additional specifications (i.e., Nos. 10, 11 and 12), were made against petitioner in the course of the hearing, because he was not found guilty of specification No. 10, lack of notice as to that charge is therefore moot and petitioner was not harmed thereby. As to specifications Nos. 11 and 12 of which petitioner was found guilty, OPMC was properly allowed to amend the pleadings to conform them to the proof. Based on the original charges, petitioner was aware that the treatments of patient A and patient B were both at issue *(see, Matter of Block v Ambach,* 73 NY2d 323, 332). Petitioner therefore was adequately notified of these two additional specifications, and not unfairly surprised or prejudiced *(see, Saveca v Reilly,* 111 AD2d 493, 495).

Petitioner's argument that the Hearing Committee applied a lesser standard of proof, i.e., substantial evidence instead of the higher standard of preponderance of the evidence, is rejected. Respondent's decision states that petitioner was found guilty by a preponderance of the evidence meeting the mandate of Education Law § 6510 (3) (c) and Public Health Law § 230 (10) (f).

Petitioner's contention that the renewal of his medical license by the Department of Education in 1985 operated to bar the Department of Health from subsequently determining any issue having to do with the incident of February 2, 1982 relating to patient A is not persuasive. The doctrines of res judicata and collateral estoppel cannot be invoked in the manner petitioner seeks in this situation. Petitioner's license

was merely reregistered in 1985. He was not relicensed. Education Law § 6502 (1) provides: "A license shall be valid during the life of the holder unless revoked, annulled or suspended by the board of regents." Education Law § 6502 (3) reads in pertinent part that: "The department shall renew the registration of each licensee upon receipt of a proper application, on a form prescribed by the department, and the registration fee." Thus, the renewal of petitioner's license was a ministerial act, not adjudicatory, and the doctrine of res judicata is not applicable (see, Ryan v New York Tel. Co., 62 NY2d 494, 499).

Petitioner's argument that the delay in holding the administrative license revocation hearing in relation to the charges regarding patient A was unreasonable, and therefore precluded by laches, is without merit. Petitioner has failed to demonstrate any actual prejudice to him due to the delay and he has not been deprived of any fair hearing thereby (see, Matter of Erdos v New York State Dept. of Educ., 105 AD2d 504, 505). Petitioner admitted his misconduct in regard to patient A by his guilty plea. Further, a material witness, a supervising nurse, testified at the hearing as to these charges and was available for cross-examination.

Petitioner also claims that he was denied due process at the hearing in that the Administrative Law Judge (hereinafter ALJ) refused to receive patient B's medical records involving her relationship with her analyst and the analyst's testimony into evidence, he was unable to cross-examine the declarants of hearsay testimony which had been received in evidence (the testimony of patient A not being reliable, in his view), and he was unable to present the testimony of the Commissioner of Health because of the ALJ's decision to quash his subpoena of the Commissioner. These claims are all rejected.

Patient B had not relinquished her physician/patient privilege with her analyst in this proceeding. She did not affirmatively place her mental condition in controversy and she was not a party but merely a witness in the proceeding (see, Koump v Smith, 25 NY2d 287, 294). Petitioner was also not denied due process by virtue of the use of declarants' hearsay testimony because hearsay may be received in administrative hearings (see, Education Law § 6510 [3] [c]). The ALJ's decision to quash petitioner's subpoena of the Commissioner of Health was conditioned upon both parties stipulating that they would permit the Commissioner to testify and to perform his statutorily mandated duties in relation to these proceedings. This

was a reasonable condition to which petitioner declined to agree.

We also find unpersuasive petitioner's remaining claims of prejudicial error involving laches, his rights to discovery and his rights under the 5th Amendment. Finally, our review of the record demonstrates that the determination of respondent is supported by a preponderance of the evidence and should not be disturbed.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.