402 S.E.2d 259

**Arden D. ASHLEY, Sheriff of Kanawha County, Successor to Danny Jones,**

v.

**Mark L. McMILLIAN.**

**No. 19495.**

Supreme Court of Appeals of
West Virginia.

Feb. 22, 1991.

Phillip D. Gaujot, Charleston, for Arden D. Ashley.

Leo Catsonis, Charleston, for Mark L. McMillian.

BROTHERTON, Justice:

The petitioner, Arden D. Ashley, Kanawha County Sheriff, appeals from the July 10, 1989, final order of the Circuit Court of Kanawha County, which directed that the Kanawha County Sheriff reinstate the respondent, Mark L. McMillian, to his previous position of deputy sheriff. The court also ordered that McMillian receive full back pay.

McMillian was a sergeant in the Kanawha County Sheriff's Department. On June 23, 1987, the Sheriff of Kanawha County discharged McMillian based upon three separate acts during his term of employment, which occurred between 1985 and 1987. McMillian protested his discharge and requested a hearing before the Kanawha County Deputy Sheriff's Civil Service Commission.

Hearings were held at his request before the Kanawha County Deputy Sheriff's Civil Service Commission pursuant to W.Va. Code § 7-14-17(a) (1990), on July 7, August 18, August 19, September 15, September 16, October 14, October 29, and December 15, 1987. The hearings involved extensive testimony and numerous witnesses. The hearing held on August 18, 1987, was before only one commissioner and both parties waived the presence of the other two commissioners. At the October 14, 1987, hearing, the Sheriff objected to the absence of the other two commissioners because he believed the testimony to occur was crucial to the proceedings and that all of the commissioners should hear that testimony. The objection was overruled by the one commissioner present. On October 29, 1987, there was again only one commissioner present. The Sheriff's counsel objected again for the same reasons.[1] Finally, on December 15, 1987, only one commissioner was present. The Sheriff contends that it was a denial of due process that all of the commissioners did not hear all the evidence, given the nature of the testimony.

On October 17, 1988, the Commission issued an eleven-page order finding that the Sheriff had failed to introduce evidence to justify good cause in dismissing Sergeant McMillian. The Commission ordered that McMillian be reinstated with back pay, benefits, and rank, without interruption. The Sheriff appealed that decision to the Circuit Court of Kanawha County. On July 10, 1989, the court entered an order affirming that decision and adopting the findings and conclusions of the Commission. The court specifically ruled that W.Va.Code § 7-14-6(3) authorized the taking of testimony by a single commissioner and all that was required was that the Commission, as a whole, review the evidence and render a decision. This proceeding is the Sheriff's appeal from the final order of the Kanawha County Circuit Court.

■ Although there are two assignments of error in this case, we do not reach the issue of whether the trial court erred in affirming the Civil Service Commission order when, as the petitioner states, the record overwhelmingly justified the action of the Sheriff of Kanawha County in dismissing McMillian. Instead, we reverse the decision of the Kanawha County Circuit Court and hold that the trial court erred in ruling that W.Va.Code § 7-14-6(3) authorized the Civil Service Commission to make a decision when a quorum was not present at each hearing.

The Sheriff contends that the testimony, which dealt with direct conflict in evidence and credibility of witnesses, was essential to the commissioners' decisions. Thus, the lack of a quorum made it "virtually impossible for the trier of fact to consider the credibility of the witnesses" and constituted a denial of due process under the Fourteenth Amendment to the United States Constitution.

The County Deputy Sheriff's Civil Service Commission is established in W.Va. Code § 7-14-1 *et seq.* (1990). West Virgi-

---

1. The President of the Commission examined the question of whether a hearing could be held when a lack of a quorum was not waived by the parties. He noted that he could not find any rules and regulations for the Civil Service Commission which dealt with the issue and thus, the objection was again overruled.

nia Code § 7–14–1 requires that the Commission be made up of three members appointed according to the terms of the statute. West Virginia Code § 7–14–6(3) sets out the specific authority of the Commission to make investigations as a body or through an individual commissioner:

The civil service commission in each such county shall:

\* \* \* \* \* \*

(3) Make investigations, either sitting as a body or through a single commissioner, concerning all matters touching the enforcement and effect of the provisions of this article and the rules and regulations prescribed hereunder or concerning the action of any examiner or subordinate of the commission or any person in the public service with respect to the execution of this article; and, in the course of such investigations, each commissioner shall have the power to administer oaths and affirmations and to take testimony.

There is no language in W.Va.Code § 7–14–6(3) which specifies that the investigative powers extend to conducting a deputy sheriff's removal hearing. Indeed, the removal procedures for deputy sheriffs are contained in W.Va.Code § 7–14–17.[2] In both of these sections, the term "commission" is used and there is no provision for a single commissioner to conduct the removal hearing.

It is clear under both of these sections that the legislature was careful to surround the termination of a deputy sheriff with a number of procedural safeguards including a full hearing before the commission, if demanded. In several cases, we have held that unless there was some spe-cific statutory authority, a governmental body could act only as a group. *See City of Fairmont v. Hawkins,* 172 W.Va. 240, 304 S.E.2d 824 (1983); *Edwards v. Hylbert,* 146 W.Va. 1, 118 S.E.2d 347 (1960); *Daugherty v. Ellis,* 142 W.Va. 340, 97 S.E.2d 33 (1956). In *Daugherty,* we discussed the role of the county court (now county commission):

2. A county court, a corporation created by statute, can do only such things as the law authorizes it to do, and it must act in the manner prescribed by law.

3. A county court can exercise its powers only as a court, while in legal session with a quorum present, and it must follow that procedure and enter its proceedings of record to make its action valid and binding.

*Id.* at syl. pts. 2 and 3.

It is apparent that the power to remove a deputy sheriff under the foregoing statutes resides with the civil service commission and is exercised by it through the statutorily mandated hearing procedures. It would be an anomaly if one member of the Commission were permitted to conduct such a hearing. If the legislature wanted this to be done, it could have spelled the matter out as it has in W.Va.Code § 7–14–6(3). We decline to extend such a right in the absence of specific legislation.

Other states do not permit a decision where only one hearing examiner on a panel actually heard the evidence.[3] In *Feldman v. Board of Pharmacy of District of Columbia,* 160 A.2d 100 (D.C.Mun.App. 1960), the District of Columbia court reversed a lower court decision which denied a pharmacist a license. The decision, which

---

**2.** West Virginia Code § 7–14–17 relates to the discharge of a deputy sheriff by the sheriff and contains the following language:

If the deputy sought to be removed, discharged, suspended or reduced shall demand it, the civil service commission shall grant him a public hearing, which hearing shall be held within a period of ten days from the filing of the charges in writing or the written answer thereto, whichever shall last occur. At such hearing the burden shall be upon the removing, discharging, suspending or reducing sheriff, hereinafter in this section referred to as "removing sheriff," to justify his action, and in the event the removing sheriff fails to justify his action before the commission, then the deputy removed, discharged, suspended or reduced shall be reinstated with full pay.... In *Hall v. Protan,* 156 W.Va. 562, 195 S.E.2d 380 (1973), we said this section must be read *in pari materia* with W.Va.Code § 7–14–15 in order to integrate the procedural steps on discharge.

**3.** *But see Rothkoff v. Ratner,* 104 Misc.2d 204, 428 N.Y.S.2d 138 (1980); *Crawford v. Wayne County Board of Education,* 275 N.C. 354, 168 S.E.2d 33 (1969).

occurred four years after the hearing, was made after four of the five original board members present at the hearing had been replaced. In reversing the decision, the court noted that the credibility of the witnesses at the hearing was a vital factor.

However, McMillian argues that practical necessity has been judicially applied to the administrative procedure in West Virginia, pointing to our decision in *Dobbs v. Wallace*, 157 W.Va. 405, 201 S.E.2d 914 (1974). In *Dobbs*, the Court rejected a prisoner's argument that his parole revocation hearing had to be heard before the entire Parole Board, not by only one member. The Court noted that "the cost, efficiency and workability of a parole system are highly material" factors in their decision. *Id.*, 157 W.Va. at 415, 201 S.E.2d at 920. Thus, a single hearing before just one member of the board did not constitute a denial of due process. *Id.*, 157 W.Va. at 414, 201 S.E.2d at 919. However, the case now before us is distinguishable since the parole hearing in *Dobbs* involved only one hearing rather than a series of hearings, so that the one attending Parole Board member heard all of the evidence before making the revocation recommendation. Moreover, in *Tasker v. Mohn*, 165 W.Va. 55, 267 S.E.2d 183 (1980), we set out in detail due process requirements that now must be accorded by the Parole Board.

■ In *Cooper v. Gwinn*, 171 W.Va. 245, 298 S.E.2d 781 (1981), this Court stated a fundamental principle of law: "[i]nherent in the republican form of government established by our State Constitution is a concept of due process that insures that the people receive the benefit of legislative enactments." *Id.* at syl. pt. 1.[4] The burden of providing procedural due process through legislative enactments is on the State, yet, by the Commission permitting one commissioner to hear some evidence but not all, the State has not carried its burden.[5] Although the Code permits a single member to make an investigation, that permission is premised on the theory that the one commissioner investigating would attend all the hearings and hear all of the evidence.

■ While W.Va.Code § 7-14-6(3) (1990) authorizes a single commissioner to investigate a matter and take testimony, it is silent regarding the number of commissioners necessary in making the final decision. Furthermore, it does not apply to hearings on deputy sheriff removals, discharge, suspension, or reduction in rank or pay. This is found in W.Va.Code § 7-14-17, which provides the procedure by which a hearing is held before the civil service commission. No provision is made in this section for any type of procedure before a single commissioner. Therefore, when a hearing before the Deputy Sheriff's Civil Service Commission involves a question of removal, discharge, suspension, or reduction in rank or pay, a quorum of the Commission must be present in order for a hearing to be held and a final decision made.

Although it may be difficult to assemble the entire three-member Commission when the commissioners are part-time and may hold other employment, we remind them that as commissioners, they are selected to do a job. If they are unable to fulfill those requirements, perhaps the commissioners are not suited to sit on the Civil Service Commission.

The appropriate remedy for procedural due process errors in an administrative hearing is to remand the case with directions to remedy the defect. *Clarke v. West Virginia Board of Regents*, 166 W.Va. 702, 279 S.E.2d 169 (1981). Accordingly, we reverse the July 10, 1989, order of the Circuit Court of Kanawha County and hold that the hearings held before the Civil Service Commission were inadequate because a quorum was not present. The

---

**4.** The Fourteenth Amendment to the United States Constitution provides, in part, that "[n]o state shall ... deprive any person of life, liberty, or property, without due process of law...." *See also* Art. 3, § 10 of the West Virginia Constitution, which states that "[n]o person shall be deprived of life, liberty, or property, without due process of law, and the judgment of his peers."

**5.** The due process guarantees of the West Virginia and United States Constitutions protect any significant property interest. *Don S. Co., Inc. v. Roach*, 168 W.Va. 605, 285 S.E.2d 491 (1981).

case is remanded for a rehearing to be held before a quorum of the Civil Service Commission.

Reversed and remanded.