■ R. WAYNE COTIE, Appellant, v CORTLAND MEMORIAL HOSPITAL, INC., Respondent. [613 NYS2d 485] —Weiss, J. Appeals (1) from an order of the Supreme Court (Monserrate, J.), entered March 29, 1993 in Cortland County, which granted defendant's motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

Plaintiff, who has been a physician and general surgeon on the staff of defendant's hospital since 1982, commenced this lawsuit seeking, *inter alia,* a permanent injunction against defendant's imposition of his suspension from its hospital staff for a period of 30 days, money damages for his economic losses and expungement of hospital records pertaining to his suspension. Supreme Court granted defendant's motion for summary judgment dismissing the complaint, giving rise to this appeal.

The facts underlying this action briefly stated are that since 1984 plaintiff has had an extensive history of uncooperative and disruptive conduct at defendant's hospital, including his violation of the Medical Staff By-Laws (hereinafter By-Laws) as the result of his failure to timely complete the medical records of his patients and as the result of his abrasive, confrontational and insulting behavior toward hospital employees, particularly members of the nursing staff. The record is replete with evidence of specific instances of the foregoing unacceptable misconduct resulting in suspensions, admoni-

tions and the imposition of other sanctions against plaintiff. This action followed disciplinary proceedings emanating from four incidents, commencing with a confrontation on September 18, 1991 between plaintiff and the operating room nurse manager, during which plaintiff threatened, intimidated and berated the nurse, using profanity and placing her in fear of her safety. On December 4, 1991, plaintiff engaged in a confrontation with a nurse over the use of hospital facilities to perform a medical procedure. Plaintiff used profanity, made vulgar and insulting gestures, berated the nurse, mimicked and made fun of her and threatened to send his patient to another hospital. The third incident occurred two days later on December 6, 1991, when plaintiff became verbally abusive to members of the medical staff and uttered profanities in a public area within the range of hearing and observation of hospital patients. Finally, on February 21, 1992, plaintiff acted in an unprofessional and improper manner to members of the hospital staff who were concerned about his inadequate and incomplete entries in the medical record of a patient suffering from cancer, causing extended delay in the patient's surgery because he was unwilling to complete the history and physical examination.

The Chair of the Board of Trustees of the hospital directed that inquiry be made by an investigative committee comprised of members of the surgical staff, which subsequently found plaintiff guilty of misconduct and recommended reprimand or censure. The executive committee of the medical staff considered the report, met with plaintiff, and then recommended that he be reprimanded and required to submit written assurances that he would refrain from the complained-of conduct. After consideration of the reports and recommendations, the Board of Trustees imposed a tentative sanction of a 60-day suspension of plaintiff's hospital privileges. Ultimately, the Board of Trustees appointed a Hearing Committee which conducted hearings at which plaintiff was represented by counsel. The Hearing Committee found plaintiff guilty of violating the terms of his appointment and recommended the 60-day suspension. Finally, the Board of Trustees reduced the suspension to 30 days, after which plaintiff commenced this action.

We note at the outset that both in Supreme Court and on this appeal plaintiff has not contested the charges, nor does he contend that they were not properly sustained, or that the sanction of suspension was unfairly disproportionate to the alleged misconduct. Rather, plaintiff argues first that the By-

Laws were violated by the failure to afford him a fair and independent hearing. Plaintiff contends that because the Chair of the Hearing Committee and four of its members were also on the Board of Trustees, some of whom had previously voted to suspend him, the Hearing Committee was biased and "stacked" against him. We find no prohibition in the By-Laws against more than one member of the Board of Trustees sitting on the Hearing Committee (see, By-Laws, art VIII, § 5 [h]); nor has plaintiff demonstrated that any member of the Hearing Committee was biased or that the determination was anything other than fair (see, Matter of Major v Board of Regents of Univ. of State of N. Y., 160 AD2d 1041, 1043, lv denied 76 NY2d 705; Matter of Flores v New York State Educ. Dept., 146 AD2d 881).

We find equally unpersuasive plaintiff's second contention that the hospital By-Laws were violated when the Board of Trustees rejected the reprimand recommended by the executive committee and imposed a suspension. It is beyond cavil that the ultimate authority over all hospital staff and personnel is vested in the Board of Trustees, which has full power to review, adopt, reject or modify the determinations of all hospital committees (see, 10 NYCRR 405.2 [b] [4] [iv]; 405.4 [a] [3]; see also, By-Laws, art VIII, § 1 [b]; § 5 [h]).

Mercure, J. P., White, Casey and Peters, JJ., concur. Ordered that the order and judgment are affirmed, with costs.