■ In the Matter of GREGORY FOWLER, Appellant, v CITY OF SARATOGA SPRINGS et al., Respondents. [626 NYS2d 306] —Crew III, J. Appeal from a judgment of the Supreme Court (Keniry, J.), entered April 26, 1994 in Saratoga County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* review a determination of respondent Mayor of the City of Saratoga Springs terminating petitioner's employment.

In July 1988, petitioner was granted a provisional appointment by respondent City of Saratoga Springs to the position of City engineer. On October 12, 1988, the City's Civil Service Commission posted an announcement of an open competitive examination for that position which provided, *inter alia,* that the incumbent must obtain a New York engineering license within one year of appointment and that failure to obtain

such a license would result in termination of employment. Petitioner took the examination and on May 1, 1989 was appointed City engineer.

On February 25, 1993, respondent Mayor of the City learned that petitioner had not obtained a license to practice engineering in New York. The Mayor thereafter advised petitioner that he had until September 1, 1993 to obtain a license and that his failure to do so would result in the Mayor initiating action to terminate his employment. Petitioner did not obtain a license by the September 1, 1993 deadline, as a consequence of which the Mayor advised petitioner that effective November 1, 1993 he would be removed from the payroll if he had not obtained a license by October 31, 1993. Petitioner, having failed to obtain a license by that date, was removed from the payroll on November 1, 1993. Petitioner thereafter commenced this CPLR article 78 proceeding seeking reinstatement to his position. Supreme Court dismissed the application and this appeal ensued.

The issues on this appeal, as limited by the petition and petitioner's brief, are whether respondents acted arbitrarily and capriciously in terminating petitioner and whether they are barred by laches from insisting upon compliance with the licensing requirement. We think not. Petitioner's failure to obtain a State engineering license for more than 3½ years after his appointment was a continuing violation of the only condition to his employment (cf., *Matter of Gailband v Christian*, 56 NY2d 890, 891; *Matter of Johnson v Board of Trustees*, 97 AD2d 413, *mod* 61 NY2d 1014). The Mayor clearly was not acting arbitrarily in advising petitioner that if he did not comply with the minimum requirement for employment as a City engineer by September 1, 1993, she would initiate procedures for termination of his employment. Moreover, her forbearance in that regard until November 1, 1993 certainly cannot be categorized as arbitrary or capricious and was hardly an abuse of discretion.

With regard to petitioner's assertion that respondents are guilty of laches in failing to promptly enforce the licensing requirement, we note that laches can be imputed only to a municipality acting in its private or proprietary capacity (see, *Matter of Carney v Newburgh Park Motors*, 84 AD2d 599, 600) and not when it is protecting a public interest (see, *Matter of Cortlandt Nursing Home v Axelrod*, 66 NY2d 169, 177, n 2, *cert denied* 476 US 1115). Respondents clearly were acting in the public interest when they terminated petitioner from his employment for failure to obtain an engineering license. Es-

tablishing and ensuring a level of professional competence for a City engineer exercising engineering duties is a governmental, not a proprietary, function.

White, Casey and Yesawich Jr., JJ., concur; Cardona, P. J., not taking part. Ordered that the judgment is affirmed, without costs.